68 U.S. 298 (1863)
1 Wall. 298
MILLER
v.
TIFFANY.
Supreme Court of United States.

*305 Mr. Evarts and Mr. Gilette for Miller and wife, the appellants.
Mr. Coombs, on the other side.
*308 Mr. Justice SWAYNE delivered the opinion of the court
Two defences to the mortgage are relied upon:
1. That the goods sold to the defendant, which formed the consideration of the note secured by the mortgage, were worth largely less than the amount for which the note was given. It is claimed, therefore, that there has been a partial failure of consideration.
The evidence upon the subject is conflicting. It has failed *309 to establish to our satisfaction the fact alleged. Fraud or misrepresentation by the vendor is neither averred nor proved. It is in proof that the goods were carefully examined by the agents of Miller before they were bought, and that they were selected when the purchase was made. They were sold at the regular prices of the establishment. It does not appear that Miller made any objection, either to the prices or quality, when he received them; or that he ever made any objection, until it was set up in his answer in this case, more than a year after the goods were delivered to him.
The objection comes too late. The sanctity of contracts cannot thus be trifled with. The common law, unlike the civil law, does not imply a warranty from a full price. Where there is neither fraud nor warranty, and the buyer receives and retains the goods, without objection, he waives the right to object afterwards, and is finally concluded. In such cases the rule of caveat emptor applies.[*]
2. The defence chiefly relied upon is usury. The result of our inquiry upon that subject must depend upon the lex loci that governs the contract.
Palmer and Wallace, the payees of the note, were the assignees of an insolvent firm, which did business under one name in New York, and under another at Cleveland, Ohio. Palmer resided at New York and Wallace at Cleveland. About $50,000 worth of the goods, covered by the assignment, were at the former city, and about $75,000 worth at the latter. The negotiation for the sale was commenced by Palmer and concluded by Wallace. The note is as follows: [His Honor here read the mortgage-note, already described.[]] Miller lived in Indiana. The note and mortgage were executed in that State. The mortgaged premises are situated there. Wallace was present at the execution of the securities. They were transmitted to Palmer, at New York, and the goods were thereupon shipped thence to Indiana. The note and mortgage have been assigned to the appellee.
We lay out of view the imputation upon Palmer and Wallace, *310 of a fraudulent purpose to evade by shift or device the usury statute of Indiana or New York. It is wholly unsupported by the evidence. They were acting in a fiduciary character, and could have had no motive to engage in such a transaction. There is no reason to believe that such a conception entered into their minds. On the other hand, we are by no means satisfied that it was not the deliberate purpose of Miller, when the arrangement was made, to involve them in the toils of this defence, and if possible to escape with the goods without paying anything for them. Our business, however, is to ascertain and apply the law of the case. We shall not discuss the evidence bearing upon the ethics of his conduct.
"The general principle in relation to contracts made in one place to be performed in another is well settled. They are to be governed by the law of the place of performance, and if the interest allowed by the law of the place of performance is higher than that permitted at the place of contract, the parties may stipulate for the higher interest without incurring the penalties of usury."[*] The converse of this proposition is also well settled. If the rate of interest be higher at the place of the contract than at the place of performance, the parties may lawfully contract in that case also for the higher rate.[]
These rules are subject to the qualification, that the parties act in good faith, and that the form of the transaction is not adopted to disguise its real character. The validity of the contract is determined by the law of the place where it is entered into. Whether void or valid there, it is so everywhere.[]
When these securities were executed the statute of Ohio of the 14th of March, 1850, upon the subject of interest, was *311 in force. According to its provisions parties might lawfully contract for any rate of interest not exceeding ten per cent. per annum. The contract of Miller was therefore valid.
DECREE AFFIRMED WITH COSTS.
NOTES
[*] Hargous v. Stone, 1 Selden, 73.
[] See ante, p. 299, note.
[*] Andrews v. Pond, 13 Peters, 77, 78; Curtis et al. v. Leavitt, 15 New York, 92; Berrien v. Wright, 26 Barbour, 213.
[] Depeau v. Humphrey, 20 Howard, 1; Chapman v. Robinson, 6 Paige. 634.
[] Andrews v. Pond, 13 Peters, 78: Mix et al. v. The Madison Ins. Co. 11 Indiana, 117; Corcoran & Riggs v Powers et al., 6 Ohio State, 19.