## SUPREME COURT.

### Edward R. Dickinson agt. William Y. Edwards.

*Usury — Promissory note made in this state negotiated in another.*

Where a promissory note, signed and dated in New York and payable at a bank here, is negotiated for the first time in another state, the laws of the state where the note is negotiated are to control as to the defense of usury.

The form of the note or obligation may be written here, but it only becomes a note or contract upon its delivery, and it is made when and where it is delivered.

A. made his promissory note, dated in New York and payable at a bank here, and delivered the same to B. who took the note to the state of Massachusetts where it was for the first time negotiated, C discounting it at a rate of interest lawful there, but more than allowed by the laws of this state. In an action by C. against A. on the note:

*Held,* that it was not void for usury, as the laws of Massachusetts must govern as to this question.

*Special Term, March,* 1877.

Motion by plaintiff, upon the judge's minutes, for a new trial.

*Mr. M. P. Stafford* and *W. R. Beach,* for plaintiff.

*Mr. F. P. Bellamy,* for defendant.

Westbrook, *J.*— The action was upon a promissory note for the sum of $300, made by the defendant, payable to the order of Bailey & Gilbert, dated in New York city, November 14, 1874, and payable in said city. The defense was that

the note was a pure accommodation note, made by Edwards and loaned to Bailey & Gilbert, who procured it to be discounted by the plaintiff at a greater rate of interest than seven per cent, and that it was therefore void for usury.

The reply of the plaintiff was, that the note was not a pure accommodation note, but that Bailey & Gilbert gave their note for the same amount to the defendant in exchange therefor.

It is conceded that the note was negotiated to the plaintiff by Bailey & Gilbert, the payees thereof, in the state of Massachusetts, and that the interest received thereon was no greater than that allowed by the laws of that state, though more than allowed by the laws of New York.

The jury were charged that if the note in suit was given by the defendant to Bailey & Gilbert in exchange for their note of a like amount, their verdict should be in favor of the plaintiff for the sum due thereon. If, on the other hand, they should find that the note was a pure and simple accommodation one, made by the defendant for the benefit of Bailey & Gilbert and loaned to them, that their verdict should be for the defendant.

The jury having found for the defendant, the plaintiff moves for a new trial, because the charge, as he claims, was erroneous in holding that an accommodation note dated in New York and payable in that state and negotiated for the first time in Massachusetts at a rate of interest lawful there, could be declared void for usury, because the rate of interest thus taken was greater than that allowed by the state of New York. An exception at the trial makes the point a proper one to be considered.

The direction given in the charge was based upon *Jewell* agt. *Wright* (30 *N. Y.*, 259), which holds: " Where a promissory note, made and dated in this state and payable at a bank here, is negotiated in another state, the laws of New York are to control as to the defense of usury." As the case enunciating this doctrine was a decision by our highest state

court, even though the extent of the decision was rendered unnecessary by the statement in the beginning of the opinion of the learned judge who spoke for the court, that confessedly "the note on which the suit was brought was negotiated at a rate of interest illegal, both in Connecticut and New York," it was wise to follow it at circuit, that the question of fact which the case involved might be disposed of, and then have the cause decided upon the pure legal question now involved.

As the case will undoubtedly be reviewed, and the question of fact is disposed of, I see no reason why the conclusions of my own judgment should not now be followed ; for, if wrong, they may be readily corrected. No elaborate discussion of the question or cases will be attempted, but my reasons for granting a new trial will be briefly stated.

The same learned judge, INGRAHAM, who wrote the opinion in *Jewell* agt. *Wright*, also wrote that in *Hildreth* agt. *Shepard* (65 *Barb.*, 265, 271), in which the doctrine of the former case is maintained. To its correctness I am unable to subscribe.

The fundamental error, in my judgment, upon which those two cases rest, is in the assumption that in a case like the present the note or contract is made here. The form of the note or obligation may be written here, but it only becomes a note or contract upon its delivery, and it is made when and where it is delivered. A and B may have an agreement drawn between them in this state, and they may sign their names to it here, but it does not yet become a complete contract until delivered. If, then, they carry away with them the paper, and deliver it elsewhere, the place of delivery is the place of contract. A borrowed accommodation note handed to the payee, by him to be negotiated when and where he pleases, is, in the hands of the payee, no valid agreement, but merely an undelivered contract, which, handed to him without direction as to the place where, or as to the person by whom, it is to be discounted, is to become a delivered or valid one, whenever and wherever the payee negotiates it.

Dickinson agt. Edwards.

When the note is negotiated by a third party, and wherever it is so negotiated, the maker for the first time has contracted by making a valid promise to pay, and not before. It follows from this reasoning that the agreement or promise to pay, though written here, was made in Massachusetts, where it was for the first time negotiated and delivered as a valid instrument, and having been made in Massachusetts, the law of that state governs (*Miller* agt. *Tiffany*, 1 *Wall.*, 298–310).

In *Tilden* agt. *Blair* (21 *Wall.*, 241) the draft, though drawn in Illinois, was accepted in New York and payable here. If the writing of the acceptance and its subscription was the making of the contract, it was made in New York. The court, however, held that the acceptors having sent the draft, after acceptance, back to Illinois, for use and discount, that state, and not New York, was the spot where the contract was made, and its law, and not that of New York, must govern the rate of interest and the legality thereof. It is true that the draft was returned to Illinois for negotiation, and from that fact the court drew the conclusion that the acceptors intended to and did make a contract in that state, but the result must have been the same, if it had been merely handed to the party who was to negotiate it, without any restriction as to place of discount. So handing it must be regarded as a general power to go anywhere to negotiate, and as an intention on the part of the acceptors to make at the place of negotiation a valid promise to pay the party advancing the money thereon. The latter is precisely the case before us. The payees took the note without restriction, and had a right to go where they pleased for discount, and the maker made a valid promise to pay, for the first time, when the party empowered so to do delivered and negotiated it.

As the plaintiff in this case is a citizen of Massachusetts seeking to enforce a contract made in that state in our courts, it is very proper, in the final disposition of the cause (*article* 3, *section* 2 *of Const. of U. S.*) that the supreme court of the nation should be followed, rather than the highest tribunal of

Dickinson agt. Edwards.

our own state.    Especially should this reason apply when the decision of the latter court has so often been doubted upon this question (*First Nat. Bank of N. Y.* agt. *Morris*, 1 *Hun*, 680 ; *Bank of Georgia* agt. *Levin*, 45 *Barbour*, 340 ; *Bowen* agt. *Bradley*, 9 *Abb.* [*N. S.*], 395 ; *Providence Co. Savings Bank* agt. *Frost*, 13 *Nat. Bank. Register*, 356).

For the reasons stated a new trial should be granted.