STURDIVANT v. MEMPHIS NAT. BANK.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1894.)

No. 170.

1. NEGOTIABLE INSTRUMENTS—LAW OF PLACE—CONFLICT OF LAWS.
   A note executed and delivered in one state, and payable in another, is governed, as to the admissibility of defenses against an indorsee, by the law of the latter state, even when sued on in the state wherein it was executed.

2. SAME—VALIDITY—USURY—CONFLICT OF LAWS.
   But such note, if valid where made, is not rendered invalid because it contravenes the usury laws of the state in which it is payable.

3. SAME—ACTIONS ON—PLEADING.
   In an action by an indorsee, a plea setting forth partial failure of consideration, and want of good faith in the indorsement, is not redundant,

.although the failure of consideration is also set up in another plea, since that matter must be repeated in order to make out a good defense against the indorsee.

**4.** SAME—PRACTICE.

Striking out such plea is reversible error, even when the general issue is also pleaded, since such defense cannot be shown under the general issue.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

Action by the Memphis National Bank against Ben W. Sturdivant upon a promissory note. Plaintiff obtained judgment. Defendant brings error.

Defendant in error declared below against the plaintiff in error in assumpsit on a promissory note which was in the following words and figures:

"No. 2.
"$7,500.00.                                    Twilight, Miss., Dec. 21, 1889.

"On the first day of March, 1891, we promise to pay to the order of Waddill, Catchings & Co., at their office in Memphis, Tennessee, in United States gold coin, seventy-five hundred dollars (with exchange of Memphis, Tenn.), for value received, and 8 per cent. interest per annum after maturity, payable annually until paid, and with 10 per cent. attorney's fees if placed in the hands of an attorney for collection. And, for the faithful payment of this note, we hereby waive all exemptions, appraisements, and rights of redemptions, in present or after-acquired property, as against the payee or assignee of this note, in regard to the collection thereof.

"[L. S.]                                    Ben W. Sturdivant & Son.
"Attest:   L. A. Dessomes.
Indorsed:
    "Waddill, Catchings & Co.
    "Valley Commission Co., by George A. Waddill, President."

The said declaration contains an averment that the payees named, "for value, and before maturity, indorsed and delivered said note, for value, to the Valley Commission Company, who afterwards, and for value, before maturity of said note, indorsed and delivered the same to plaintiff, who bought said note in good faith, for value, without any notice of any prior equities existing between prior parties to said paper, if any such equities there were." To the declaration the plaintiff in error interposed five pleas, as follows: (1) Nonassumpsit. (2) Special plea that the laws of the state of Tennessee, in which said note was payable, forbid the taking of interest in excess of 6 per cent., and that by such law any writing which stipulates for a higher rate is void, and not collectible. (3) Special plea as to $4,000, parcel of the sum demanded: A failure of consideration. (4) Special plea as to the sum of $4,000, parcel of the sum demanded: Denial of the bona fide holding of the plaintiff and of its indorser, and a failure of consideration. (5) Special plea as to $4,000, parcel of the sum demanded: Failure of consideration, and the law of Tennessee, which makes writings stipulating for interest in excess of 6 per cent. void. To these pleas the defendant in error responded as follows: To the first, by the general issue. To the second, by a demurrer alleging the contract to be valid according to the laws of Mississippi, where made. To the third, by a demurrer alleging the note to be negotiable paper payable in Tennessee, and therefore not subject to the anticommercial statute of Mississippi, but enforceable in full by defendant in error, who became a bona fide purchaser of it, without notice. To the fourth, by a motion to strike out all that part which relates to the failure of consideration, because irrelevant and redundant, the said failure having already been pleaded in the third plea. To the fifth, by a motion to strike from the files because wholly irrelevant and redundant, because both "the two defenses" therein had been already pleaded, by the third and the second pleas. After argument the court below sustained the demurrers to the second and third pleas,

and struck out the fourth and fifth pleas altogether. Thereafter, there was a jury, and verdict for the defendant in error for the full amount of the note, with interest and lawyer's fees; in all, $9,610. The defendant below sued out this writ of error, assigning errors as follows: "First, the court below erred in sustaining the demurrer to the second plea of the defendant below; secondly, the court below erred in sustaining the demurrer to the third plea of the defendant below; thirdly, the court below erred in striking out the fourth plea of the defendant below; fourthly, the court below erred in striking out the fifth plea of the defendant below."

E. Mayes, for plaintiff in error.

W. V. Sullivan, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). In the briefs submitted, there is a contention as to the facts of the case claimed to have been shown on the trial, and on each side considerable argument is presented, based on the facts as each claims them to be; but, as we find no bill of exceptions in the record, we can in no wise consider matters of evidence. As the case is presented to us, we are limited in our examination to the rulings of the trial court on the pleadings.

1. The second plea is to the effect that the instrument sued on is void, and not collectible in law, because made payable in the state of Tennessee, the laws of which state forbid the taking of a rate of interest in excess of 6 per centum per annum, and forbid the stipulation for more, even in writing, and that by such laws any writing which does stipulate for a rate of interest in excess of 6 per cent. per annum is void. The obligation sued on appears to have been executed by citizens of Mississippi in the state of Mississippi, where the laws permit a rate of interest to be stipulated not in excess of 10 per centum per annum. The rule in such cases is declared in Miller v. Tiffany, 1 Wall. 298–310, as follows:

"The general principle in relation to contracts made in one place, to be performed in another, is well settled: They are to be governed by the law of the place of performance. And, if the interest allowed by the law of the place of performance is higher than that permitted at the place of contract, the parties may stipulate for the higher interest without incurring penalties of usury. The converse of this proposition is also well settled: If the rate of interest be higher at the place of the contract than at the place of performance, the parties may lawfully contract in that case, also, for the higher rate."

See, also, Scudder v. Bank, 91 U. S. 408–412; Cromwell v. County of Sac, 96 U. S. 51–62; Daniel, Neg. Inst. § 922, where the authorities in support of the rule declared are collated. From these authorities, it seems that the ruling of the court sustaining the demurrer to the second plea was correct.

2. The third plea is a plea of partial failure of consideration. It was designed to present that phase of the case which looks to a holding by the court that the contract sued on is a Mississippi contract,—made so by the location of the parties themselves,—and therefore subject to the operation of the anticommercial statute of Mississippi, which is as follows:

"Sec. 1124. All promissory notes and all other writings for the payment of money, or other thing, may be assigned by endorsement, whether the same be payable to order or assigns, or not, and the assignee, or endorsee, may maintain such action thereon in his own name, as the assignor or endorser could have maintained; and in all actions on any such assigned promissory note, bill of exchange, or other writing for the payment of money or other thing, the defendant shall be allowed the benefit of all want of lawful consideration, failure of consideration, payments, discounts, and sets-off, made, had or possessed against the same previous to notice of assignment, in the same manner as though the suit had been brought by the payee," etc.

In case the statute just quoted is applicable, whether the plaintiff did or did not take the obligation sued on as a bona fide holder is immaterial. The question presented by this plea and the demurrer thereto is not a new one. The obligation having been made in the state of Mississippi, but being by the parties made payable in the state of Tennessee, said obligation, in the matter of performance, is to be governed by the law of the place where the performance is stipulated to be made. This is well settled in the courts of the state of Mississippi. Frazier v. Warfield, 9 Smedes & M. 220; Coffman v. Bank, 41 Miss. 212; Harrison v. Pike, 48 Miss. 46–54. The rule is the same in Tennessee. Merritt v. Duncan, 7 Heisk. 157; Duke v. Hall, 9 Baxt. 282. The rule is recognized in the courts of the United States. Brabston v. Gibson, 9 How. 263; Supervisors v. Galbraith, 99 U. S. 214–218. In Harrison v. Pike, supra, the court said:

"If the bill is drawn on a party in another state, or in a foreign country, or the note is made payable there, neither is, as a general rule, affected by our statute, but is governed by the law of the place where performance is to be made. Such is the character of a bill of exchange or a promissory note drawn or made here, but payable in New Orleans or New York. The effect is to select the laws of the other state or country, and locate the contract there, subject to them. The defendant, by making his note payable to his own order at New Orleans, and indorsing and delivering it to Thompson, domiciled the transaction in Louisiana, and submitted it to the laws of the state, and engaged that if the paper, in due course of business, was negotiated in that state by Thompson, the rights of his indorser should be measured by that law."

From these authorities, as well as on principle, it seems clear that the third plea was not good, and the demurrer thereto was well sustained. In fact, as we understand the argument of the learned counsel for the plaintiff in error as to this plea, he does not contend to the contrary; his contention being based upon both the second and third pleas, and to the effect that the contract is either to be taken and construed, in toto, as a Mississippi contract, or as a Tennessee contract,—if a Mississippi contract, then that the anticommercial statute applies, and the defendant can plead partial failure of consideration; if a Tennessee contract, and the laws of the state of Tennessee are to be resorted to to determine the rights of the parties, then the defendant can plead the usury law of the state of Tennessee. The argument presented is very plausible, but in the light of adjudged cases, and in the interest of commercial paper, we are unable to give our assent to its correctness, or to its applicability in this case. The law of the place where a contract is made and entered into, as a general proposition, determines its validity. Scudder v. Bank, supra. Tested by this rule, the contract sued on is

'a valid, binding, and subsisting contract. The law of the place of performance governs the contract in the matter of performance. Authorities, supra. Tested by this rule, the obligation sued on as commercial paper is to be construed, in respect to the rights of bona fide holders for value, by the law of the state of Tennessee. In relation to the application of these rules, counsel says:

"Two very curious results are reached: First. The question as to one part of the obligation is determined by the laws of one state, while that as to the other part of the obligation of the same instrument is determined by the laws of a different state; the two parts of that obligation and question being principal and interest of the same note, payable both at the same time and at the same place. Second. A single judgment is recovered for both the entire principal and the conventional interest, the judgment for interest being recovered through, and only through, the laws of Mississippi, which allow eight per cent., which law, as to the principal, is denied, while the judgment for the entire principal is recovered through, and only through, the laws of Tennessee, in order to avoid an equitable partial advance which the laws of Mississippi (availed of in the interest) allow."

It cannot be claimed that there is any inconsistency in taking the law of the place where the contract is made to determine the validity of the contract, and then in taking the law of the place where the contract is to be executed in determining as to the performance.

In this case, we consider that the laws of the state of Tennessee with regard to usury, while applying to a contract made in Tennessee to be executed in Tennessee, do not apply in the case of a contract made in another state, in accordance with the laws thereof, to be executed in the state of Tennessee; but the law of the state of Tennessee, applicable, is that any contract made in another state, valid according to the laws of that state, to be performed in the state of Tennessee, shall be executed in Tennessee, in respect to interest, according to the stipulation of the parties. So that, as we view the case, the whole matter of performance, both as to principal and interest, is determined in accordance with the laws of the state of Tennessee. It may well be that the usury law of Tennessee, as well as the anticommercial statute of the state of Mississippi, is a domestic statute, to be applied to domestic cases, and that in both states the general law in regard to commercial paper governs interstate transactions.

3. The fourth plea is as follows:

"(4) And the said defendant, Ben W. Sturdivant, for a further plea in this behalf, as to the sum of four thousand dollars, parcel of the sum herein demanded, says that he denies that the plaintiffs and the said Valley Commission Company, or either of them, took said writing before maturity, as bona fide purchasers for value, without notice, and that the consideration therefor has partly failed, in this: that the said writing was executed for the purpose of covering advances of moneys to be made by the payees therefor to the order of the signers and of this defendant, and on no other consideration whatever, and that the said payees, although often requested to do so, have not made said advances, but have wholly failed and refused to advance the said sum of four thousand dollars, parcel thereof. And this he is ready to verify. Wherefore, he prays judgment," etc.

The motion to strike out the plea reads thus:

"And as to said fourth plea of said defendant, Ben W. Sturdivant & Son, the plaintiff moves the court to strike out of said plea all that part of it which relates to the alleged failure of consideration, because that part of said

plea is irrelevant and redundant,—the said alleged failure of consideration having been already pleaded by defendant in his said third plea,—to the end that the plea may be single, certain, and issuable."

Acting upon this motion to strike out part, the court struck out the whole plea. The plea is one of partial failure of consideration, attacking the bona fide holding of the plaintiff, and is designed to present the defense under the ordinary rule of the commercial law which prevails in the state of Tennessee in respect to equitable defenses. The objection made to it was that all that part of it which relates to failure of consideration is irrelevant and redundant, the said alleged failure of consideration having already been pleaded by defendant in his third plea. We understand the rule to be that a plea, to be good, must be complete in itself, and that in order to defend against a negotiable note in the hands of an indorsee before maturity, the maker, when sued, must show (1) that he has a defense which would be good against the payee; (2) that the holder is not a bona fide holder for value. He must show both of these. Neither is good without the other. See Goodman v. Simonds, 20 How. 343; Tittle v. Bonner, 53 Miss. 585; Grayson v. Brooks, 64 Miss. 417, 1 South. 482. That part of the same matter was pleaded in another plea can be no objection, if necessary, and well stated, in the plea where pleaded. In this court it is not urged that the plea in question was not technically a good plea, but it is rather urged that the ruling of the court striking it out was error without injury. it being contended that all of the evidence which could be introduced under the said plea could as well be introduced under the general issue, which was the first plea in the case, and this because the declaration alleges that the plaintiff is a bona fide holder for value; and, although such allegation was premature, yet it was made, it was put in issue by the general plea of nonassumpsit, and thus opened the door for proof which would otherwise not be admissible. Counsel on both sides have furnished the court with a good deal of learning on this subject, which we have read with interest, but do not care to review. It may be, as contended, that the premature averment in the declaration that the plaintiff was a bona fide holder is put at issue by the general plea, and that thereby the door is open for proof on that point, but that is not the whole defense made by the plea. The plea puts in issue, not only the good faith of the plaintiff, but necessarily that of its indorser, the Valley Commission Company; and not only that, but the other matter, also necessary, of equities existing between the maker and original payee. Without such equities being pleaded somewhere, we do not understand that evidence thereof could be admissible. Our conclusion is that the ruling of the court striking out the fourth plea was error prejudicial to the plaintiff in error, rendering it necessary to reverse the case.

4. The fourth assignment of error is in relation to striking out the fifth plea. The objection to this plea is that the two defenses set up therein are previously pleaded by the defendant in the second and third pleas. The questions presented have been substantially disposed of in our consideration of the second and third pleas, and require no further notice.

Although reversing the case for error in ruling on the fourth' plea, we have considered the other questions raised because counsel so requested. The judgment of the court should be reversed, and the case remanded, with instructions to reinstate the fourth plea, award a new trial, and otherwise proceed according to the views herein expressed. And it is so ordered.