## MATTHEWS et al. v. UNITED STATES.

Circuit Court, S. D. New York. February 10, 1896.)

No. 1,134.

CUSTOMS DUTIES—CLASSIFICATION—NEEDLE CASES.

Where needles not subject to duty are imported in cases of a form in which they have been imported for from 16 to 20 years, the court will not be justified in finding that such cases were designed for a different use, especially where they are evidently of cheap construction, and purport on their face to be needle cases. Therefore they will be entitled to free entry, under section 19 of the customs administrative act of June 10, 1890, and cannot be subjected to duty according to the materials of which they are made.

Appeal by Matthews, Blum & Vaughn, importers, from a decision of the board of general appraisers which affirmed the action of the collector in assessing duty upon the importations in question.

Everit Brown, for importers.

Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The importers imported various articles, samples of which have been produced before the court, being cases containing needles. The collector assessed duties upon them under various paragraphs of the statute having reference to the material of which they were made. The importers insist that they should have been permitted to enter free of duty under the provisions of section 19 of the customs administrative act of June 10, 1890. There is no dispute that the needles in question are free under paragraph 656 of the act of Oct. 1, 1890. The only question before the court is whether or not the cases referred to are or are not usual and ordinary coverings. If they are unusual in form or design or are intended for use otherwise than in the bona fide transportation of the needles they are subject to duty. The question is whether or not they are unusual. I understand the evidence to be substantially uncontradicted that needles have been imported in this form for 16 or 20 years, and as was said in U. S. v. Richards, 66 Fed. 730,

the court will not be justified in saying that there was an intent upon the part of the importers to bring here under the guise of needle cases other articles designed for a different use. In other words, no attempt to commit a fraud is shown. It seems to me if these are not coverings for needles within the section referred to it is practically impossible to say what they are. They are evidently cheap in construction, and bear upon their face in large letters the statement that they are needle cases. The decision of the board of general appraisers is reversed.