ANDRUSS et ux. v. PEOPLE'S BUILDING, LOAN & SAVING ASS'N.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1899.)

No. 787.

1. BUILDING AND LOAN ASSOCIATIONS—USURY—WHAT LAW GOVERNS.
    Where the by-laws of a building and loan association provide that all payments shall be made to its secretary at the office of the association in the state in which it is incorporated, and a bond and mortgage executed to the association by a borrowing stockholder each contain a stipulation that it is to be governed by the laws of such state, the contract will not be held usurious, if not so by the laws of such state where it is to be performed.

2. JUDICIAL NOTICE—FEDERAL COURTS—STATUTES OF ANOTHER STATE.
    A federal court sitting in one state will take judicial notice of the public statutes of another state.

3. BUILDING AND LOAN ASSOCIATIONS—USURY—NEW YORK STATUTES.

Under the statutes of New York, the taking of premiums for loans made by building and loan associations does not render them usurious, under the general usury statutes.

4. SAME—BORROWING STOCKHOLDERS—FORFEITURE OF STOCK.

A borrowing stockholder in a building and loan association, whose stock has been forfeited by the association, in accordance with its rules, for default in payment of dues, is not entitled to credit on his loan for the amount paid thereon.

5. HOMESTEAD—EXECUTION OF DISCLAIMER.

The execution and recording of a disclaimer of homestead rights by a husband and wife, in property not at the time occupied as a homestead, for the purpose of procuring a loan on such property, will be given effect as an abandonment in favor of the mortgagee.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This is a bill in equity to foreclose a mortgage. It is filed by the People's Building, Loan & Saving Association, a corporation organized under the laws of the state of New York, against George W. Andruss and Hannah Andruss, residents and citizens of Texas. The material facts, as agreed on between the parties, are as follows: "That on the 3d day of March, 1893, the defendants, George W. Andruss and his wife, Hannah Andruss, entered into and executed and duly acknowledged a certain contract in writing with R. H. Andruss, a contractor, wherein and whereby the said contractor obligated himself to build on the premises hereinafter described, for the defendants in said cause, a certain two-story rock and brick house, 25 by 100 feet, within a period of three months from the date of said contract, and said contractor obligated himself by the terms of said contract to furnish all materials, and in a good, workmanlike manner to build and finish said house for said defendants; and, as a consideration therefor, by the terms of said contract said defendants agreed to pay said contractor the sum of $4,000. That thereafter said house was built and finished as above specified, and that whatever lien was acquired on said house and premises by the said R. H. Andruss was duly assigned and transferred by him on, to wit, the 3d day of March, 1893, to plaintiff, and that plaintiff is now the owner of whatever lien is so acquired as aforesaid to secure the payment of the bond sued upon. That defendant George W. Andruss applied to plaintiff for the advance of the money in question for the purpose of enabling him to build said house in accordance with said contract. That on, to wit, the 18th day of March, 1893, the plaintiff loaned to the defendants the sum of $3,000, less $300, which was reserved by the plaintiff as a bonus or premium on said loan, as especially provided for in the charter and by-laws of plaintiff. That in consideration therefor said defendants executed and delivered to plaintiff the bond sued upon, bearing said last-named date, and fully described in plaintiff's bill. That said bond is hereto attached, and hereby referred to and made a part hereof. It is hereby agreed that ten per cent. of the amount due on said bond is a reasonable attorney's fee for bringing suit on said bond in foreclosing the said lien. That on the 18th day of March said defendants, for the purpose of further securing the payment of said sums of money in said bond according to its legal tenor and effect, also executed, acknowledged, and delivered to plaintiff their certain deed of trust in writing, sued upon, fully described in plaintiff's bill, wherein and whereby the defendants conveyed to E. A. Walton, as trustee for plaintiff, lot No. 10, block No. 6, in Bishop's addition to the city of Dublin, in Erath county, state of Texas. Said deed of trust is hereto attached, and hereby referred to and made a part hereof. It is admitted that the plaintiff is a building and loan association, with its domicile, principal office, and headquarters in the city of Syracuse, state of New York; that its principal office and domicile was at Geneva, state of New York, at the time said contracts were executed, and that on the 11th day of September, 1890, it procured a permit from the state of Texas, through the secretary of state of Texas, to do business in the state of Texas, as a building and loan association, for the period of ten years next

after said date; that a copy of the articles of association and by-laws of said association are attached to the statement of facts in case of Plaintiff v. W. T. Leggett in this court, and hereby referred to and made a part hereof; that, upon the 1st day of February, 1893, the defendant George W. Andruss, upon written application, procured thirty shares of stock of plaintiff company in series or class A, evidenced by certificate No. 5,811, to be paid for as provided in said certificate, which certificate is hereto attached, and hereby referred to and made a part hereof. Said stock was procured by said Andruss with a view of borrowing said money evidenced by said bond for $6,000. That at the time the defendant procured said loan the said George W. Andruss transferred said stock to plaintiff to further secure the payment of said bond. It is admitted that said defendants paid on said stock the sum, in accordance with the terms thereof, of $30 per month for the month of February, 1893, and for each and every month thereafter up to and including the month of August, 1896, aggregating the sum of $1,290; that the defendants paid the interest and premium stipulated in said bond for the month of June, 1893, and for each and every month thereafter up to and including the month of August, 1896, aggregating the sum of, to wit, $975; that also the defendants paid the quarterly dues on said stock, in accordance with the charter and by-laws and the terms of said certificate, up to August, 1896, to wit, the sum of $7.50 each quarter, aggregating the sum of $105; that the defendant George W. Andruss was fined the sum of $18 for failure to pay the installments on said stock promptly, as required by the charter and by-laws of plaintiff, all of which payments are evidenced by defendants' pass book, which is hereto attached, and hereby referred to and made a part hereof. It is further admitted that neither the defendants nor any other person has paid any installment on said stock, or any monthly installment, interest, or premium on said bond, since the month of August, 1896; that on, to wit, the 28th day of May, 1897, the defendants having failed to insure the house on said premises for the benefit of plaintiff, on said day the plaintiff was compelled to insure said house against damage or loss by fire, for its own protection, in the Scottish Union & National Insurance Company, for the period of one year, and was compelled to pay the sum of $33.75; that plaintiff made demand in writing of defendants in the months of September, October, November, and December, 1896, and January, February, March, April, May, and June, 1897, for said monthly installments of stock dues which defendants owed plaintiff on said stock for each month named above; that the defendants were fined ten cents on each share of stock held by him, by the directors of plaintiff, for his failure to pay the said stock dues for the months of September and October, 1896, and were fined twenty cents on each share of said stock for the months of November and December, 1896, and January, February, March, April, May, and June, 1897, all of said fines aggregating the sum of $54; that by reason of the failure to pay said stock dues as aforesaid, and said fines, the said thirty shares of stock, and all moneys paid thereon, were forfeited by the directors of plaintiff company in accordance with article 12 of plaintiff's articles of association, and in accordance with the law of the state of New York which authorizes such forfeiture."

The bond referred to in the agreed statement of facts is as follows:

"Know all men by these presents, that we, George W. Andruss and Hannah Andruss (his wife), of Dublin, in the county of Erath, and state of Texas, are held and firmly bound unto the People's Building, Loan and Saving Association, a body corporate, created and duly incorporated under and in compliance with the laws of the state of New York, located at Geneva, in the county of Ontario, and state of New York, in the sum of six thousand ($6,000) dollars, lawful money of the United States, to be paid to the association aforesaid, or to its certain attorneys, successors, or assigns, for which payment, well and truly to be made, we do bind ourselves and our heirs, executors, administrators, and assigns, and every of them, firmly, jointly, and severally, by these presents. Witness our hand and seals this 18th day of March in the year of our Lord one thousand eight hundred and ninety-three. Whereas, the above-bounden George W. Andruss is a member and stockholder of the People's Building, Loan and Saving Association, and has received from it, as such member, under the articles of incorporation, by-laws,

and regulations of said association, an advance to him of $100 per share upon the value of thirty (30) shares of stock, in anticipation of their par value at the time when such shares shall mature: Now, the condition of this obligation is such that if the above-bounden George W. Andruss, his heirs, executors, administrators, or assigns, shall well and truly pay or cause to be paid unto the said the People's Building, Loan and Saving Association, or its certain attorney, successors, or assigns, the just and full sum of three thousand dollars ($3,000) in the manner following, that is to say, thirty (30) dollars contribution of principal, and twelve (12) dollars and fifty (50) cents interest, and twelve (12) dollars and fifty (50) cents premium, each and every month from the date hereof, for such term as will secure to the said the People's Building, Loan and Saving Association the payment of the full sum of one hundred dollars on each and every one of the said thirty shares hereby secured to be paid, such payments to commence on or before Saturday, March 25, 1893, and to be continued and made on or before the last Saturday in each month thereafter until the expiration of said term, and also pay all dues, fines, and penalties that may be imposed upon the said George W. Andruss as a member of said association, pursuant to the articles of association and by-laws thereof, all of which are to be paid unto the treasurer of said association at Geneva, N. Y., and keep the obligations hereinafter contained, without fraud or delay, then this obligation to be void, otherwise to remain in full force and virtue. And it is hereby expressly agreed that should any default be made in the payment of any installment of principal, or any part thereof, or any interest or premium moneys, or any part thereof, hereby secured to be paid, or any dues, fines, or penalties imposed as aforesaid, or in the payment of the taxes, assessments, and insurance as hereinafter provided, and should the same remain unpaid and in arrears for the space of three months after the same shall have become due and payable, that then and in that case the whole principal sum hereby secured to be paid, together with the interest and premium thereon, shall become due and payable immediately thereafter, although the period above limited for payment thereof may not have expired, anything herein contained to the contrary notwithstanding; and it is further agreed that the said parties of the first part shall pay a reasonable attorney's fee in case suit is brought to enforce the conditions of this instrument. And it is further agreed by and between the parties to these presents that the said parties of the first part shall and will keep the buildings erected and to be erected on the lands described in the trust deed herewith executed, and collateral hereto, insured against loss or damage by fire, by solvent insurers, and in an amount of at least three thousand ($3,000) dollars, and approved by said party of the second part, and assign the policy and certificate thereof to said party of the second part, its successors or assigns, and in default thereof it shall be lawful for said party of the second part to effect such insurance, as mortgagee or otherwise, and the premium or premiums paid for effecting and continuing the same shall be a lien on said premises, added to the amount secured by these presents, and payable on demand, with interest at the rate of six per cent. per annum. * * * It is further agreed by and between the parties to these presents that this instrument is made under and controlled by the laws of the state of New York. In witness whereof, the parties of the first part have hereunto set their hands and seals the day and year first above written.          George W. Andruss. [Seal.]

"Hannah Andruss. [Seal.]"

The deed of trust referred to in the bond was offered in evidence. It is dated March 18, 1893, executed by said defendants Andruss and wife, and E. A. Walton is made trustee. It conveys the property described in the decree. It refers to the real estate conveyed as being the "same premises conveyed to George W. Andruss by T. C. Hill, agent." It contains clauses "releasing and waiving all rights under and by virtue of the homestead exemption laws of the state of Texas, and all rights of dower." It states the loan of $3,000, the payments to be made, and states that "they are to be paid unto the treasurer of said association, at Geneva, New York, according to the conditions of a bond this day executed and delivered by the said George W. Andruss and Hannah Andruss. * * *" The deed of trust also contains this provision: "And it is expressly

agreed and understood that this instrument is made under and controlled by the laws of the state of New York."

The by-laws of the appellee were in evidence. Article 16 is as follows: "All remittances for admission, monthly and quarterly installments, fines, penalties, interests, and premiums, and all other payments, shall be made to the secretary of the association, at their principal office, in Geneva, N. Y."

The circuit court rendered the following decree:

"April 18, 1898.

"On this day came on said cause to be heard before the United States circuit [court], at a regular term thereof, at Waco, Texas, and the solicitors for plaintiff and for each of the defendants in said cause being present and having announced 'Ready for trial,' and it appearing to the court that at a former day of the present term of this court the case of Hannah Andruss and George W. Andruss v. The People's Building, Loan & Saving Association (No. 43 in equity) in this court was by motion consolidated with the above-entitled cause (No. 28 in Equity),—People's Building, Loan & Saving Association v. G. W. Andruss et al.,—and the issues and the parties in said two suits Nos. 43 and 28 being identical, after hearing the evidence and argument of counsel, are disposed of as follows: The court orders and decrees that the plaintiff, the People's Building, Loan & Saving Association, a corporation, do have and recover of and from the defendant George W. Andruss the sum of $3,828.75, amount of principal, interest, premium, and attorney's fees due on the bond sued on, and $33.75 paid as insurance premium with interest thereon at the rate of 5 per cent. per annum from the date hereof, together with all costs of suit. It is further ordered and decreed by the court that plaintiff's deed of trust lien executed by defendants, George W. Andruss and wife, Hannah Andruss, on the 18th day of March, 1893, to secure said sums of money, on the north half of lot ten (10) in block six (6) of Bishop's addition to the town of Dublin, in Erath county, Texas (and for a further description of said premises reference is hereby made to said deed of trust, which is duly recorded upon the Deed of Trust Records of Erath County, Texas, in volume H, at pages 487 to 494, filed for record March 18, 1893), be, and the same is hereby, foreclosed on said premises, against all the right, title, or interest of each and all of said defendants, George W. Andruss and Hannah Andruss, in and to said premises. It is further ordered that unless the defendants pay to the clerk of this court for the satisfaction of this decree the full amount of said decree, and all interest due thereon, within thirty days from the date hereof, it is ordered that said property be sold under an order of sale issued by this court as herein directed at public vendue at the courthouse door of Erath county, Texas, to the highest bidder, for cash, for the satisfaction of said decree in favor of plaintiff, and the court hereby appoints Thomas P. Martin commissioner to sell said property. And it is ordered that said commissioner shall give public notice of the date and place of such sale of said property by causing notice of such sale to be published once a week for at least four weeks prior to such sale in at least one newspaper, printed regularly, issued and having a general circulation in the county of Erath, and said state of Texas; that such notice shall describe said property, and give the date and place of such sale. And said commissioner is ordered to make a written report of such sale, at the earliest time practicable thereafter, to this court. And, upon confirmation of said sale by this court, the proceeds of such sale, or so much thereof as may be necessary, shall be applied to the satisfaction of said decree in favor of plaintiff as aforesaid, and the balance, if any, shall be paid over to defendant Hannah Andruss; and, should said property fail to sell for sufficient to pay off said decree, and all costs in this behalf incurred, then it is ordered that, after the confirmation of such sale, execution shall issue against said George W. Andruss for the balance due plaintiff on said decree, and after confirmation of said sale the said commissioner shall convey said premises, by warranty deed, to the purchaser thereof, and said purchaser shall have his writ of assistance at once to get possession thereof."

The other facts necessary to an understanding of the case are stated in the opinion.

George W. Andruss and Hannah Andruss appealed from the decree of the circuit court. The assignments of error are based on the said decree.

F. E. Dycus and W. S. Essex, for appellants.

Drew Pruit, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. 1. The debt which is the subject of this suit is proved by a bond which is secured by a mortgage. The appellants, who are the obligors in the bond and the mortgagors in the mortgage, are citizens of Texas. The appellee, who is the obligee in the bond and the mortgagee in the mortgage, is a New York corporation. Both the bond and the mortgage are made payable at Geneva, in the state of New York. The by-laws of the appellee corporation provide that all payments shall be made to the secretary of the association, at Geneva, N. Y. The appellee corporation is a building and loan association organized pursuant to statutes of the state of New York, and both the bond and the mortgage contain a stipulation that it is to be governed by the laws of that state. In view of all these facts, we hold that the contracts in question are not usurious, if they are valid under the laws of the state of New York, the place of performance. Andrews v. Pond, 13 Pet. 65–78; Association v. Logan, 14 C. C. A. 133, 66 Fed. 827; Miller v. Tiffany, 1 Wall. 298; Sturdivant. v. Bank, 9 C. C. A. 256, 60 Fed. 730; Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024; Association v. Tinsley (Va.) 31 S. E. 508.

2. It is not necessary, as claimed by the appellants, to offer evidence of the public statutes of another state. The United States courts sitting in Texas will take judicial notice of the public statutes of New York. Owings v. Hull, 9 Pet. 607; Gormley v. Bunyan, 138 U. S. 623, 11 Sup. Ct. 453.

3. While it is true, as claimed by appellants, as a general proposition, that contracts in New York for more than 6 per cent. interest are usurious and void, yet an exception is made by statute of building and loan associations, or at least it is provided that premiums for loans may be paid such associations without a violation of the usury laws. The following is the statute:

"No holder of redeemed shares shall claim to be exempt from making the monthly payments provided in the articles of association, upon the ground that by reason of losses or otherwise the association has continued longer than was originally anticipated, whereby the payments made on such shares may amount to more than the amount originally advanced, with legal interest thereon; nor shall the imposition of fines for non-payment of dues or fees, or other violation of the articles of association, nor shall the making of any monthly payment required by the articles of association, or of any premium for loans made to members be deemed a violation of the provisions of any statute against usury." 1 Rev. St. N. Y. (4th Ed.) p. 1290; Laws N. Y. 1851, c. 122, § 7.

This statute prevents the contracts between the parties from being usurious under the general statutes. Association v. Read, 93 N. Y. 474.

4. The claim of the appellant George W. Andruss, that he is entitled to credit on his bond for borrowed money on account of the payments he made on his subscription for stock, cannot be sustained. He was a subscriber for stock in the association, and he was under contract to pay for it, just as any other stockholder,

Payments on the stock, his stock being forfeited under the rules of the association, cannot be applied to his debt on account of the loan. Blakeley v. Association (Tex. Civ. App.) 26 S. W. 292; Association v. Logan (Tex. Civ. App.) 33 S. W. 1088.

5. On the 3d day of March, 1893, the appellants both signed a writing designating certain real estate as a homestead, and concluding with this statement:

"And we do hereby exempt from the operation of the homestead law, and do disclaim any homestead right in and to, the north half of lot number ten in block number six of Bishop's addition to the town of Dublin."

This instrument was duly recorded.

George W. Andruss testifies that:

"The purpose of executing said instrument was to enable me to procure the loan on said property. * * * My purpose in getting the money was for the purpose of improving said property."

He admits that he vacated the property, but he says this was only temporary, for the purpose of allowing the building to be erected. He further testifies:

"Myself and wife executed and recorded the instrument [the homestead disclaimer] in good faith, and it was our intention to relinquish our homestead right in the north half of lot ten, in said instrument."

Having executed this relinquishment to secure the money, the defendants offer to repudiate it in defense of a suit to collect the money. This cannot be permitted. In the case of Jacobs v. Hawkins, 63 Tex. 3, the supreme court of Texas said:

"In cases in which property has not been used as a homestead, or is not so used, the declarations of a husband would seem to be admissible for the purpose of showing that there was no intention so to use it as to make it the homestead; and this would seem to be true where a place formerly used as a homestead is not longer occupied, and so for the purpose of indicating an intention never again to use it, which, coupled with the act of removal, would amount to an abandonment."

Another case which is analogous to the one at bar is Kempner v. Comer, 73 Tex. 202, 11 S. W. 196. The owners were improving the property for the purpose of making the same the business homestead, but had not sufficient means to complete the improvements; and, in order to procure a loan on the property to make the improvements already begun, the husband and wife executed a renunciation, renouncing all homestead interest in the property. The supreme court said:

"But the parties claiming homestead expressly abandoned and renounced their intention to occupy and use the premises as a homestead before it was so used, and this renunciation was made, not by mere declarations, but in the solemn form of a deed, the wife joining; and all this was done in order to include the property in the deed of trust then being made to secure advances and borrowed money. In such case the law will give effect to the renunciation. There was in fact no homestead in the premises when renounced."

The renunciation, as this case shows, would have no effect if the premises had really been occupied as a homestead, and if the renunciation had only been made to avoid the effects of the homestead laws. But here the appellant Andruss testifies that the relinquishment was in good faith, and the evidence shows an actual abandon-

ment of the lot as a business homestead. The money having been lent on the representation that the property was abandoned as a homestead, and having been used to build a house on the lot, it would be manifestly inequitable to allow the claim of homestead to be now used to defeat the deed of trust. The judgment of the circuit court is affirmed.