HIERONYMUS et al. v. NEW YORK NAT. BUILDING & LOAN ASS'N. (Circuit Court of Appeals, Fifth Circuit. April 9, 1901.) No. 955. Appeal from the Circuit Court of the United States for the Southern District of Alabama. G. L. & H. T. Smith, for appellant. R. H. Clark and J. P. Hamilton, for appellee. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. This case is very accurately stated in the opinion of the learned judge of the circuit court, which is reported in 101 Fed. 12. In that opinion it appears that the issues made by the pleadings, the facts admitted or conclusively proved and the law applicable thereto, the laws of the state of New York, and the settled principles of decision illustrated and established by the numerous adjudged cases referred to therein, were all duly considered by the trial judge; and the pointed and clear conclusions reached by him appear to us to be fully sustained. On the final hearing Judge Toulmin announced a further opinion, in these words: "In this case there are 80 grounds of demurrer assigned to the bill as amended. I think, as a whole, they are unnecessarily voluminous and prolix. Some of

them, it seems to me, present points not raised by the bill, and many of them are repetitions of the same point. As I understand the amendments to the bill, there are practically but two material questions raised by them: First, the question whether there was a binding contract growing out of the alleged representations as to the time of the maturity of the stock of the defendant company,—whether the time of maturity, alleged to have been fixed at seven years, could be arbitrarily fixed at that period by the company, so as to relieve the complainants, after that period, from the further payment of the charges provided for in the contract; and, second, whether the premium charged was unauthorized by the laws of New York, and the contract, therefore, usurious under those laws. This court held, on the hearing of the demurrers to the bill as originally filed, that the contract was governed by the laws of New York, and that under those laws it was not usurious. I see now no reason to change that ruling. The New York statute governing building and loan associations does not provide for the manner or mode of making loans to members of such associations, or of fixing the premiums to be paid by them, but it does provide that any premiums for loans made to such members shall not be deemed a violation of the provisions of any statute against usury. Andruss v. Association, 36 C. C. A. 336, 94 Fed. 575; Association v. Read, 93 N. Y. 474. If the statute had provided for the manner or mode of fixing the premiums to be paid, and such mode had not been followed, then the premium would have been unlawful. Douglass v. Kavanaugh, 32 C. C. A. 107, 90 Fed. 375. By the terms of the contract providing for the payment of dues, premium, and interest, as the same is shown in the bill, the complainants are not entitled to cancellation of the mortgage after paying such charges for a period of seven years; it not appearing that complainants' shares of stock are fully paid. King v. Union (Ill. Sup.) 48 N. E. 677; Hohenshell v. Association (Mo. Sup.) 41 S. W. 948, 4 Am. & Eng. Dec. Eq. 9; O'Malley v. Association, 92 Hun, 572, 36 N. Y. Supp. 1016; People v. Preston, 140 N. Y. 549, 35 N. E. 979, 24 L. R. A. 57; Weirman v. Union, 67 Ill. App. 550. My opinion is that the demurrers involving the proposition contended for by the complainants, that the contract is a definite and binding contract to satisfy the debt in seven years. are well taken, and they are sustained; also that the demurrers involving the proposition contended for, that the premium is unlawful and usurious, are well taken, and they are sustained. The demurrers presenting the point that the contract is governed by the laws of the state of New York, and that under those laws it is not usurious, are sustained. All other demurrers are overruled." The decree appealed from having been rendered by the learned judge in accordance with the views expressed in his opinions above referred to, there appears to us to be no error in the decree, and it is therefore affirmed.