LEVI BARTLETT *versus* UNION MUTUAL FIRE INSURANCE CO.

The conditions in policies of insurance, requiring an account of the loss incurred under the policy, are to be construed liberally in favor of the assured.

If notice of a loss is given, as required by a policy, and it is defective, the company should object to it in season to allow the assured to remedy the defect; otherwise they will be considered as waiving exceptions for that cause.

The Act of incorporation and by-laws of an Insurance Company in the State of New Hampshire provided that, upon notice of loss, "the directors shall proceed as soon as may be to ascertain and determine the amount thereof, and shall pay the same within three months after such notice; but if the assured shall not acquiesce in their determination, his claim may be submitted to referees, or he may, within three months after such determination, but not after that time, bring an action at law against said company for such loss; which action shall be brought at a proper Court in the county of Merrimack," State of New Hampshire. A., having insured in said company, notified them of a loss, but the directors neglected to " ascertain and determine the amount thereof:" —

*Held* that, the directors having neglected or refused to do their duty, A. might maintain an action against the company for the loss, after the time limited in the by-laws: —

*Held* that, after a contract has been broken, the remedy is regulated by law, and must be governed by the law of the forum where redress is sought, and that A. was not bound by the provision that any suit should be brought in the county where the company is established.

ON REPORT.

THIS was an action upon a policy of insurance. It was referred to the full bench for its decision, with authority to draw such inferences from the testimony as a jury might, and render such judgment as, in its opinion, law and justice require.

The points in controversy will sufficiently appear in the opinion of the Court.

*N. Abbott,* for plaintiff.

*J. G. Dickerson,* for defendant.

The opinion of the Court was drawn up by

APPLETON, J.—The defendants were incorporated by the Legislature of New Hampshire. By section 8 of their charter, it is enacted that, "in case of any loss or damage by fire, happening to any member, upon any property insured in and with said company, of either class, the said member shall give notice thereof in writing, to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss or damage may have happened, under oath," &c.

By the by-laws of the defendant corporation, art. 15, the insured is required, within thirty days, " to deliver to the secretary of said company a particular account, on oath, of the property lost or damaged, and the value thereof at the time of the loss, and shall state whether he was the sole owner of the same at the time of the loss; and, if it is now, was at the time of its insurance, or has since been incumbered by mortgage or otherwise; and whether any insurance has subsisted in any other office upon the same, since insurance was effected at this office; the cause or occasion of the fire, as far as it is known, and the value of such parts as remain; until which shall be done, the amount of such loss, or any part thereof, shall not be payable," &c.

Within thirty days after the loss, a notice thereof, sworn to by the plaintiff, was forwarded by mail to the defendants, and received by them. The notice thus forwarded is not produced, nor does it distinctly appear whether or not it fulfills all the requirements of art. 14.

The preliminary notice of the loss is in compliance with the by-laws of the company or it is not.

If the notice given was in accordance with the by-laws, the defendants have no cause of complaint.

If it fails to contain all the facts required, and is deficient in some particulars, the defendants have not notified the plaintiff of such deficiencies so that they could be corrected. After receiving the notice, they have negotiated with the plaintiff for the adjustment of the loss, without disclosing any defects

in the notice, or giving an intimation of an intention of taking advantage of any, if any there be. The technicalities of special pleading are not to be expected and should not be required in matters of this description.

The conditions in policies of insurance, requiring an account of the loss, should, in such cases, be construed liberally in favor of the assured. *McLaughlin* v. *Washington County M. Ins. Co.*, 23 Wend., 525; *Etna Fire Ins. Co.* v. *Tyler*, 16 Wend., 385. "Good faith," remarks RUGGLES, J., in *O'Neil* v. *the Buffalo Fire Ins. Co.*, 3 Coms., 122, "on the part of the underwriters, requires that, if they mean to insist upon a merely formal defect in the preliminary proofs, they should apprize the assured of the nature of the objection, so as to give him an opportunity of supplying the defect, and, if they neglect to do so, their silence should be held a waiver of the defect." The same views were affirmed in *Bumstead* v. *the Dividend Mut. Ins. Co.*, 2 Kernan, 81. In *Clark* v. *N. E. Mut. Fire Ins. Co.*, 6 Cush., 343, the notice given was deficient in some particulars, but as the refusal to pay the loss was not put on the ground of any defect or insufficiency in the notice, the company were regarded as having waived any further or different notice. In *Underhill* v. *Agawam Mut. Fire Ins. Co.*, 6 Cush., 440, the by-law is identical with that of the defendant corporation. In that case it was urged that the notice was insufficient, "but," says DEWEY, J., "the Court are satisfied that it is a good and sufficient answer to the objection now urged to this notice, that no such objection was taken to the form of the notice, when it was given, or any further or more particular information requested; but the refusal to pay the sum stipulated in the policy, by the insurers, was upon other grounds, and thereby the want of more full and particular statements in the notice must be taken to have been waived."

If the notice was defective, which, as it is in the defendants' hands, might easily have been shown, the defendants have waived any exceptions for that cause.

By § 8 of the Act of incorporation and by article 15 of

the by-laws, it is provided that, upon notice of the loss, "the directors shall proceed as soon as may be to ascertain and determine the amount thereof, and shall settle and pay the same *within three months* after such notice; but if the assured shall not acquiesce in their determination, his claim may be submitted to referees, or he may, *within three* months after such determination, *but not after that time,* bring an action at law against said company for such loss; which action shall be brought at a proper Court *in the county of Merrimack,"* &c.

Having received notice of the loss, the defendants should have objected if it was not sufficiently formal, or was deficient in the information required by the by-laws. If they were satisfied with the notice received, they should have proceeded to ascertain and determine the amount of the loss. No reasons are given for not doing this. It was in no respect the fault of the plaintiff that it was not done, and he should not suffer therefrom. The directors, by neglecting or refusing to do their duty, cannot deprive the plaintiff of his right of action. *Boynton* v. *Middlesex Mut. Fire Ins. Co.,* 4 Met., 212. These provisions contemplate a case when a loss has been admitted, and the amount fixed by the directors, and the only question is whether the insured is entitled to recover more. In *Nevins* v. *Rockingham Fire Ins. Co.,* 5 Foster, 22, this question arose, and the Court held the action was maintainable after the time limited in the by-laws, when the directors had for any cause omitted to ascertain and determine the loss within the time limited for that purpose. "The defendants," says PERLEY, J., in the case last cited, "are within the immunity and privilege of the charter, which requires them to be sued in a particular Court, and within a certain time, *only* when they have determined the question of loss according to the Act, and their implied undertaking with the plaintiff."

In *Amesbury* v. *Bowditch Mut. Fire Ins. Co.,* 6 Gray, 596, the directors determined the amount of the loss and notified the plaintiff of their determination. In *Nute* v. *Hamilton Ins. Co.,* 6 Gray, 171, the action was seasonably commenced,

but it was insisted that it was brought in the wrong county. The cases cited for the defence, it will be perceived, do not sustain the position that the present action was brought too late.

After a contract has been broken, the remedy is regulated by law, and must be governed by that of the forum where redress is sought. The provision, therefore, that any suit should be brought in the county where the company is established is not binding on the assured. *Nute* v. *Hamilton Mut. Ins. Co.*, 6 Gray, 174; *Hall* v. *Mechanics' Mut. Fire Ins. Co.*, 6 Gray, 169; *Amesbury* v. *Bowditch Mut. Fire Ins. Co.* 6 Gray, 596. And most certainly the defendants are not entitled to this privilege, when they have entirely failed to perform those duties, upon the performance of which alone they can pretend to any claim for such an exemption as they rely upon in this case. *Nevins* v. *Rockingham Fire Ins. Co.*, 5 Foster, 22.                    *Defendants defaulted.*

TENNEY, C. J., and RICE, CUTTING, MAY, and KENT, J. J., concurred.