SLOCUM *et al. v.* WESTERN ASSUR. Co.[1]

*(District Court, S. D. New York.* April 5, 1890.)

1. MARINE INSURANCE—POLICY—STIPULATION FOR JURISDICTION.

A stipulation, in a marine insurance policy issued in a foreign country, providing that suit on the policy shall only be prosecuted in a specified foreign court, is invalid.

2. SAME.

Where a policy of marine insurance was issued in a foreign country, but to American citizens, through brokers belonging here, on freight of a vessel of the United States, and in respect to a voyage between South American ports, *held,* that no equitable reasons existed for a court of admiralty of this country to decline jurisdiction of a suit on the policy, though the policy provided that such suit should be brought only in a certain court in the country where the policy was issued.

In Admiralty. On motion to dismiss the libel.

*Carpenter & Mosher,* for respondent.

*Wing, Shoudy & Putnam,* for libelants.

BROWN, J. The respondents are a corporation organized and doing fire and marine insurance business at Toronto, Canada, and having a branch office in New York for fire insurance only. In November, 1887, the company executed at Toronto a marine policy on freight, per bark Aquidneck, belonging to the libelant Slocum, a citizen of Massachusetts, upon the application of Gallaher, Currey & Whitney, insurance brokers of New York, in the sum of $1,000, insuring Simpson & Shaw on account of whom it might concern, in case of loss, to be paid to their order. The company had conformed to the requirements of the statutes of the state of New York as respects the transaction of fire insurance business within this state, but not as respects marine insurance, and it had filed a certificate providing for the service of papers upon its agents within this state as required by statute. The present policy was issued at Toronto. A total loss having arisen, the above libel was filed by Simpson & Shaw, residents of this state, and by Slocum, a resident of Boston. The policy contains the following clause:

"And if the assured proceed at law or equity, by suit or action, to recover the whole or any part of the sum assured by this policy, such suit or action shall be brought and prosecuted in her majesty's court in the city of Toronto, and not elsewhere, within twelve months from the date of such loss or damage, under the penalty of forfeiture of all benefit of this insurance, and of the same becoming thereby wholly void."

Process was served upon the agent specified in the certificate. The respondents move to dismiss the libel upon the ground that this court, if not without jurisdiction of the cause, should, as a matter of discretion, decline to entertain it in the face of the above-quoted stipulation in the policy. The authorities, I think, sustain the general doctrine, that a stipulation inserted in a contract limiting the remedy for a breach of the contract to a particular forum is not a valid stipulation. Several cases have held that such a stipulation, distinguishing between the different courts of the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

same country or state, will not be recognized or regarded as valid there. I do not see why any greater effect should be given to it abroad, or as between the courts of the country of the contract, and any appropriate foreign tribunal. *Steam-Shipping Co.* v. *Lehman,* 39 Fed. Rep. 704; *Scott* v. *Avery,* 5 H. L. Cas. 811; *Nute* v. *Insurance Co.,* 6 Gray, 174; *Amesbury* v. *Insurance Co.,* Id. 596; *Nevins* v. *Insurance Co.,* 25 N. H. 22; *Bartlett* v. *Insurance Co.,* 46 Me. 500; *Insurance Co.* v. *Routledge,* 7 Ind. 25; *Reichard* v. *Insurance Co.,* 31 Mo. 518. The clause in question furnishes, therefore, no legal defense to the action. A court of admiralty may, doubtless, in its discretion, decline to entertain jurisdiction in maritime causes arising abroad, where none of the parties are resident here. Suits for the wages of foreign seamen, involving detention of the ship, and brought here without justifiable reason, are declined. But, where the controversies are *communis juris,* special reasons should appear for declining jurisdiction. *The Belgenland,* 114 U. S. 355, 365, 5 Sup. Ct. Rep. 860; *Davis* v. *Leslie,* Abb. Adm. 123; *The Infanta,* Id. 263; *Thomassen* v. *Whitwell,* 9 Ben. 113; *The Carolina,* 14 Fed. Rep. 424; *The Noddleburn,* 30 Fed. Rep. 142.

The libelants are all citizens of this country; two of them reside in this state, and one in this district. No special circumstances are shown, as respects the particular matter in litigation or the convenience of witnesses, why the determination of the libelants' rights should be had in Toronto, rather than in New York. Though the policy was formally and technically issued at Toronto, the whole business was with citizens of the United States, through brokers belonging here, upon freight on a vessel of the United States, and in respect to a voyage between South American ports. These circumstances do not present, so far as I perceive, any equitable grounds for refusing, as a matter of discretion, to entertain a suit brought lawfully here to enforce an apparently lawful demand. On the contrary, this country, where the libelants reside, and where the business was in effect procured, and its profits realized, seems to me to be the more appropriate forum. No case is cited in which, under such circumstances, jurisdiction has been declined. In the recent case of *Ex parte Louisville Underwriters,* 134 U. S. ——, 10 Sup. Ct. Rep. 587, Mr. Justice GRAY observed:

"In all nations, as observed by an early writer, such courts [admiralty] 'have been directed to proceed at such times, and in such manner, as might best consist with the opportunities of trade, and least hinder or detain men from their employments.' Zouch, Adm. 141. * * * To compel suitors in admiralty * * * to resort to the home of the defendant, and to prevent them from suing him in any district in which he might be served with a summons or his goods or credits attached, would not only often put them to great delay, inconvenience, and expense, but would in many cases amount to a denial of justice."

I would not intimate that to remit the libelants to a suit in Toronto would in this case be a denial of justice; but an invalid stipulation is not sufficient reason for refusing jurisdiction of a cause which seems most appropriately to be brought here. Motion denied.