CHARLES W. GIBBS, Appellant, *v.* THE LONG ISLAND BANK, Respondent.

*Certificate of stock in an association organized under chapter 260 of 1838 — lien of the corporation thereon — what puts a purchaser of the stock upon inquiry as to the articles of association.*

The provision on the face of a certificate of stock, in an association incorporated under chapter 260 of the Laws of 1838, that the shares therein referred to are held "subject to the conditions and stipulations contained in the articles of association above mentioned," is sufficient notice to put a purchaser of the shares represented by such certificate upon inquiry to ascertain what such conditions and stipulations are; and in an action brought by the purchaser of such stock against the association to compel the transfer thereof to him upon the books of the association, where the defense is interposed that the former owner of such stock is indebted to the association, and that the articles of association of the company prohibit a transfer of the stock until such amount is paid, the plaintiff must be presumed either to have made such inquiry and to have ascertained the rights of the association, or else to have been guilty of such negligence as is fatal to his claim to be treated as a *bona fide* purchaser of the stock.

Such an agreement between the shareholders of the association is valid and effect-
ual, and binds every holder of the corporate stock. It is not prohibited by
statute nor is it inconsistent with public policy, and every prospective pur-
chaser of shares of stock in such an association, represented by certificates con-
taining such notice, is bound to examine the articles of association, and cannot
plead his ignorance thereof in order to defeat the lien of the association upon
such shares of stock.

APPEAL by the plaintiff, Charles W. Gibbs, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Kings on the 15th day of May, 1894,
upon the decision of the court rendered after a trial at the Kings
County Special Term dismissing the plaintiff's complaint upon the
merits.

*Edward P. Lyon,* for the appellant.

*H. D. Van Orden,* for the respondent.

BROWN, P. J.:

The facts of this case are not in dispute. As determined by the
court they are as follows :

On January 26, 1881, the defendant issued to Delia P. Ducker a
certificate for forty shares of its capital stock, which certificate was
as follows :

"LONG ISLAND BANK.

"BROOKLYN, NEW YORK.

"Established under the General     Associated by articles recorded
Banking Law of the State of     in the office of the clerk of the
New York, passed April 18th,     county of Kings, State of New
1838.                           York, June 16th, 1845.

"No. 1062.                    40 Shares.

"Be it known that Delia P. Ducker is entitled to forty shares of
the capital stock of the Long Island Bank of fifty dollars each, and
holds the same subject to the conditions and stipulations contained
in the articles of association above mentioned, save that the notes of
said bank shall be issued subject to the provisions of the Constitu-
tion and laws of the State of New York now existing, or which may
hereafter be enacted, which shares are transferable on the books of
the association by the said Delia P. Ducker or her attorney on the
surrender of this certificate.

" In witness whereof the President and Cashier of the association have hereto subscribed their hands in the city of Brooklyn this 26th day of Jan'y, A. D., 1881.

" Shares                                                    $50 Dolls.

J. SNIFFEN, Jr.,

" JOHN H. DITMAS,                                          *President.*

" *Cashier.*"

On December 11, 1882, Mrs. Ducker contracted a loan with the Brooklyn Bank upon her promissory note, and assigned said certificate to said bank as collateral security for the payment thereof. The loan not having been paid, the bank sold said stock to the plaintiff, pursuant to the terms of its contract with Mrs. Ducker, and the plaintiff thereby became vested with such right and title as Mrs. Ducker had thereto.

In June, 1893, the plaintiff presented to the defendant the original certificate of stock issued to Mrs. Ducker with a transfer thereof to himself, and demanded that the said forty shares be transferred to him on the books of the defendant and a new certificate therefor issued to him. At that date Mrs. Ducker was indebted to the defendant in the sum of $2,338.85, and it refused to transfer said shares to the plaintiff unless said debt was paid.

The defendant was incorporated in the year 1845 under chapter 260, Laws of 1838. The articles of association, which were duly filed in the clerk's office of Kings county, provided that "no shareholder of the Association shall be permitted to transfer his shares or receive a dividend or interest thereon who shall owe to the Association a debt which shall have become due until such debt be paid, unless by and with the consent of the Board of Directors of the Association."

In reference to Mrs. Ducker's indebtedness to the defendant, it appeared that it first began in February, 1881, and although the particular debt then contracted was subsequently paid, there was no time from that date to the commencement of this action when she was not a debtor to the bank in excess of the value of the said shares of stock.

This case differs from *Leggett* v. *The Bank of Sing Sing* (24 N. Y. 283) only in respect to a single fact. There the court found that

the provision in the articles of association, that shares of stock should not be transferable until all debts due by the holder thereof to the association were discharged, was known to the plaintiff. In this case there is no evidence that the plaintiff or his transferor, the Brooklyn Bank, had any actual knowledge of the limitation put upon the transfer of shares of stock by the articles of association of the defendant. But we are of the opinion that the provision on the face of the certificate, that the shares in question were held " subject to the conditions and stipulations contained in the articles of association above mentioned," was sufficient information to put a purchaser of the shares upon inquiry to ascertain what the conditions and stipulations were, and that in this action the plaintiff must either be presumed to have made such inquiry and ascertained the rights of the defendant, or else he was guilty of such negligence as is fatal to his claim to be treated as a *bona fide* purchaser of the stock.

The agreement between the shareholders contained in the articles of association was valid and effectual, and bound every holder of the stock. It was not prohibited by any statute nor was it inconsistent with public policy. It was intended exclusively for the benefit and protection of the bank. It was referred to upon the face of the certificate, and the date and place of record of the articles of association stated. Every prospective purchaser of shares of the capital stock was thereby informed that the shares were held subject to some condition therein contained. Having such information, a purchaser must be deemed to have had notice of those facts which, if he had used ordinary diligence, he would readily have ascertained. (*Williamson* v. *Brown*, 15 N. Y. 354–360; *Baker* v. *Bliss*, 39 id. 70.)

He was bound to examine the articles of association and cannot plead his ignorance thereof to defeat the defendant's lien.

The learned counsel for defendant has referred us to many cases holding that certificates of stock are to be treated as having elements of negotiability, and that the corporation is estopped from asserting its claim against a *bona fide* holder for value. None of the cases cited have any application to the facts before us. No question arose in any of them as to the effect of an agreement between the stockholders qualifying and limiting the transferability of the stock.

The certificates there considered were not different from those in general use, and the questions related to the rights, as against the corporation, of *bona fide* purchasers thereof.

The defendant's rights here rest upon the agreement between the shareholders, and the case is, therefore, entirely outside of the general rule applied in the cases referred to.

We need not inquire what the result would have been had the defendant had notice of the assignment to the Brooklyn Bank before it made the loan to Mrs. Ducker, out of which its present claim arose. No element of that kind exists in the case. The defendant appears to have dealt with Mrs. Ducker upon the faith of her apparent ownership of the stock and in reliance upon the agreement contained in the articles of association, and it does not appear to have known of the claim of the Brooklyn Bank or of the plaintiff's ownership until demand was made for the transfer in June, 1893. . Under these facts the lien upon the stock existed for the debt outstanding at that date.

The judgment is sustained by numerous authorities, and should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.