JOHN O'MALLEY, Respondent, *v.* THE PEOPLE'S BUILDING, LOAN AND SAVINGS ASSOCIATION, Appellant.

*Building and loan association certificates — the articles of association and by-laws are a part of the contract — a fixed period of maturity unauthorized — amount recoverable under the certificates.*

Where an action is brought to recover upon a certificate of a building fund association upon the maturity thereof, the articles of association and the by-laws of the association must be treated as a part of the contract.

Such an association has no power to issue a certificate having a fixed period of maturity, and any time of maturity specified therein will be considered to be an estimated time.

A shareholder is not necessarily entitled to recover the face value of the certificate, but may recover only the amount which such certificate has earned.

APPEAL by the defendant, The People's Building, Loan and Savings Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ontario on the 23d day of July, 1895, upon the decision of the court rendered after a trial at the Ontario Circuit before the court without a jury.

*Chester M. Elliott*, for the appellant.

*George L. Bachman*, for the respondent.

LEWIS, J.:

This action was brought to recover the sum of $500, claimed to be due upon a certificate of five shares of stock issued by the defendant to the plaintiff, of the par value of $100 a share. The principal question presented is, whether the plaintiff is entitled to recover the par value of the shares, or whether his recovery shall be limited to the sum of $371, that being the amount, as claimed by the defendant, which the shares had earned, at the time this action was commenced.

The defendant is a building, loan and savings association. It was organized in the month of December, 1887, under chapter 122 of the Laws of 1851, entitled "An act for the incorporation of building, mutual loan and accumulating fund associations," and the acts amendatory thereof and supplemental thereto. Its principal office

is in the village of Geneva, Ontario county.   Its capital stock is $5,000,000, represented by 50,000 shares of the par value of $100 a share.

It is provided by section 1 of the act of 1851 that any number of persons, not less than nine, may associate in forming an incorporated company for the purpose of accumulating a fund for aiding its members in acquiring real estate, making improvements thereon and removing incumbrances therefrom, and for the further purpose of accumulating a fund to be returned to its members who do not obtain advances upon their shares of stock, when the funds of the association shall amount to a certain sum per share, to be specified in the articles of association.

The act provides for the filing of articles of association which are to be subscribed by the incorporators, in which shall be stated, among other things, the amount of the entrance fee of new members and new shares ; the monthly or weekly dues per share ; the redemption fee on shares on which advances shall be made ; the fines and penalties for non-payment of dues or fees, or other violations of the articles of association ; the manner of redemption of shares by advances made thereon ;. the mortgaged security to be taken on such advances ; how the same may be redeemed or exchanged, and the ultimate amount to be paid to the owners of unredeemed shares.

It was further provided by said act that corporations formed under it should have the power to borrow money for temporary purposes, not inconsistent with the objects of their organization, but that no loan for such purposes should have a longer duration than two years.

Articles of association were duly subscribed and filed by the incorporators of the defendant.   It is provided therein that persons on . becoming members of the association shall duly subscribe a written application for the shares desired to be purchased, and pay an admission fee of one dollar on each share, and thereafter pay one dollar a month on each share, and in addition thereto the sum of twenty-five cents every three months.

The scheme or plan of the association is, briefly, to issue its shares of stock to persons desiring to purchase the same, and with the moneys paid by the shareholders and the fines and penalties which may be imposed upon the members to accumulate a fund which,

after paying the expenses of the association, is to be loaned or advanced to the holders of the shares of stock who may make application therefor to the amount of the par value of the stock. The moneys advanced are to be secured by the bond of the applicant, and by a mortgage. upon unincumbered real estate, conditioned to pay on the amount borrowed, annual interest at the rate of five per cent, and in addition thereto a premium of five per cent per annum, the interest and premium to be paid in weekly installments until the mortgage matures. The certificates of stock upon which advances are not made may be held by the owner as an investment simply. The holder thereof is entitled to the dividends which may be made thereon from time to time.

It is provided by the defendant's by-laws that any member, in lieu of paying the monthly and quarterly installments, may at the time of making application pay sixty dollars a share, and receive a paid-up certificate with a maturity face value of $100.

The holders of these paid-up certificates are not liable for any admission fee, fines or to have their stock canceled; and they may, upon the surrender thereof, withdraw the amount they have paid on the same at any time after three years from the date of issue thereof and before maturity, together with annual interest at the rate of six per cent.

The by-laws also provide that the directors may, in lieu of the admission and other fees, deduct from paid-up certificates two per cent per annum on the maturity face value of the stock, for the estimated maturity period of five years, and place the same in the expense fund to defray the expenses of the association.

The purpose of the law, it will be seen, is to provide an opportunity for people of limited means to invest a portion of their income, making payments in small sums from time to time, and thereby secure to themselves homes which they might not be able to do if they were required to make their payments in large amounts.

If the affairs of such associations are conducted in conformity to the law and their articles of association and by-laws, the investments of the shareholders are reasonably safe; but if, on the contrary, they are improvidently and carelessly managed, they are quite sure to fail in their purpose.

There was issued to the plaintiff, upon his written application

therefor, on the 2d day of December, 1889, a certificate for five shares of the defendant's stock.

It was provided in the certificate that the plaintiff was constituted the holder of five shares of stock of the defendant of $100 each, "in consideration of the entrance fee, together with agreements and full compliance with the terms and conditions printed on the back of this certificate and the articles of association and by-laws adopted by the said association, all of which are hereby referred to and made a part of this contract." The certificate further stated that the defendant agreed to pay said shareholder or his heirs, executors, administrators or assigns, the sum of $100 for each of said shares at the end of five years from the date thereof, or, in case of his death before the expiration of said term, then a sum of money equal to the amount of monthly installments paid on the shares, together with all dividends which had accrued thereon, "all of which are payable in the manner and upon the conditions set forth in the articles of association and by-laws and terms and conditions printed on the back of this certificate."

The plaintiff, in all respects, complied with the rules and regulations of the defendant, and upon the expiration of the five years from the date of the certificate, he presented it to the defendant and demanded the amount of its par value.

The defendant declined to pay the $500, for the alleged reason that the shares had not then earned that amount, but stated that the amount they had earned was $371, which the defendant offered to pay to the plaintiff upon the surrender by him of the certificate. The plaintiff declined to accept the amount so offered, and thereupon brought this action.

The trial court construed the certificate to be an absolute, unconditional promise to pay the $500 upon the expiration of five years from its date, and directed a judgment accordingly.

The main question presented by the appeal, as stated, is whether the plaintiff is entitled to recover the face value of the certificate, or whether his recovery should be limited to the amount the shares had earned.

If the language of the certificate alone is to be considered, there can be but little doubt that the decision of the trial court was right.

In construing this contract the defendant's articles of association

and by-laws must be considered as part of the contract, and be given their proper effect. (*Gibbs* v. *Long Island Bank*, 83 Hun, 92; *Matter of Commissioners of Washington Park*, 52 N. Y. 131.)

It is reasonably certain that if the construction contended for by the plaintiff is to prevail, it will thwart the scheme and purpose of the association, and probably bankrupt it. The plan of the organization contemplates that the holders of certificates shall be entitled to share equally in its earnings; it is a mutual association. It cannot with any propriety be claimed that under the defendant's articles of association and by-laws it was contemplated that there should be any distinction in the time for the maturity of the shares of stock.

The officers of the defendant, however, assumed to issue to the plaintiff a certificate which upon its face states that the association at the end of five years will pay to the holder thereof the sum of $100 a share.

Plaintiff's payments were thirteen dollars a year on each share of his stock, amounting upon his five shares to sixty-five dollars a year, and in five years to the sum of $325; interest computed at six per cent per annum on the payments from the time they were respectively made until the end of the five years, amounts to between forty-five and forty-six dollars, which, added to the payments, make $371, the amount which the defendant claimed the shares had earned, and which it offered to pay. If the plaintiff is entitled to recover the $500, his investment earned him from twenty-two to twenty-three per cent per annum, an amount of interest which, if paid upon all the certificates issued by the defendant, would, in all probability, bankrupt the association, a result which it would seem must have been apparent to the parties when the transaction took place.

The plaintiff was presumably aware of the general plan of the association, for it was stated in his certificate that the articles of association and the by-laws were to form a part of the contract, and, as stated, the general plan of the association contemplated that all the shareholders should be entitled to a *pro rata* share of its earnings. He must have been aware that it was not at all probable that the earnings of the association would be sufficient to pay the rate of interest which his construction of the contract calls for. It was not possible to know at the time the certificate was issued to the

plaintiff when it would mature by the accumulation of dividends,. for that necessarily depended upon the earnings of the association,, and they could not be determined in advance.

The dues, fees and penalties paid by the shareholders, with the interest and premiums paid by the borrowing members, make up and constitute the income of the association, and provide the fund from which the dividends upon the stock are paid. (*People ex rel. Fairchild* v. *Preston*, 140 N. Y. 549.) The dividends can only be paid out of the earnings. (§ 7 of chap. 122 of the Laws of 1851, as amended by chap. 564, Laws of 1875.) If the five-year clause be construed as an estimated time for the maturity of the certificate, then the certificate conforms to the general scheme of the organization and to the statutes.

The authority to issue a certificate with a fixed period of maturity is not expressly given either by the statute or by the articles of association or by-laws of the association. We are of the opinion that the defendant did not possess the power or authority to issue a certificate specifying a fixed maturity period, and that the clause in the certificate in question should be construed as an estimated period of maturity. The amount actually earned by the certificate at the time it was presented by the plaintiff for payment was only $371.

The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff within twenty days stipulates to reduce the recovery of damages to $371, and interest thereon from December 2, 1894; and, in that event, the judgment be so modified, and as modified, affirmed, without costs of this appeal to either party.

A like disposition should be made of the case of John M. Church against the same defendant.

BRADLEY and WARD, JJ., concurred; ADAMS, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event, unless the plaintiff within twenty days stipulate to reduce the recovery of damages to $371, and interest from December 2, 1894; and, in that event, the judgment be so modified, and as modified, affirmed, without costs of this appeal to either party.