HESLIN v. EASTERN BUILDING & LOAN ASS'N OF SYRACUSE.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. BUILDING AND LOAN ASSOCIATIONS—SHARES—PAR VALUE—RECOVERY.
　　The certificate of a building and loan association obligated to pay a shareholder the par value of the shares at the end of 78 months, but declared that the agreement was in consideration of the membership fee and application, and in compliance with the terms and conditions of the by-laws made a part of the contract, by which the shareholder agreed to pay a monthly installment on each share "until such share matures or is withdrawn." The by-laws provided that it was agreed between the shareholders and the association that a payment of $100 per share in force till maturity should be accepted in payment of all claims against the association. Held, that the provision that the stock would mature at the end of 78 months was a mere estimate, conditional on the assumption that

the receipts and profits would mature the stock by that time; and hence, it appearing that such was not the case, the shareholder was not entitled to recover the par value at the expiration of such period.

2. SAME—JUDGMENT—MODIFICATION—WITHDRAWAL VALUE.
Where, in an action by a shareholder of a building and loan association to recover the par value of his stock, a judgment was rendered dismissing the complaint on the ground that the stock had not matured, such judgment could not be so modified as to give plaintiff the withdrawal value of his stock at the time the judgment was entered, where it appeared that no notice of withdrawal had been served on the association, and the stock had not been deposited with it, as required by its by-laws.

Appeal from special term, Kings county.

Action by Michael Heslin against the Eastern Building & Loan Association of Syracuse, N. Y. From a judgment of the special term dismissing plaintiff's complaint (59 N. Y. Supp. 572), he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John J. O'Connell (Henry J. Furlong, on the brief), for appellant.
Chester M. Elliott, for respondent. .

HIRSCHBERG, J.    The plaintiff sues to recover the sum of $1,000, the par value of 10 shares of the stock of the defendant, a building and loan association, incorporated pursuant to chapter 122 of the Laws of 1851.   He received his certificate as a shareholder September 1, 1891, by the terms of which the defendant agreed to pay him at the end of 78 months from that date the sum of $100 for each of said shares.   The certificate, however, provided that this agreement to pay was "in consideration of the membership fee, together with agreements and statements contained in the application for membership in the association, and full compliance with the terms, conditions, and by-laws printed on the front and back of this certificate, which are hereby referred to and made a part of this contract."   By the terms and conditions of the certificate the plaintiff agreed to pay to the defendant a monthly installment of 75 cents on each of the 10 shares "until such share matures or is withdrawn."   By the by-laws printed on the certificate it is made plain that the resources of the corporation are chiefly the membership fees, monthly installments, fines, and interest or premiums; that the par value of the stock is $100 per share; and that such shares do not reach maturity until the association has received or earned sufficient money to pay that sum.   By section 21 of article 14 of the by-laws it is expressly agreed "between all shareholders and this association that a payment of one hundred dollars per share, named in their certificate, that has been in force till maturity, shall be accepted as full payment of all claims on their certificate or against this association."   It is to be observed that the engagement on the part of the plaintiff to pay the monthly installments is not limited to the period of 78 months, but is to continue until the stock matures; and it would seem to follow necessarily that the agreement on the part of the association to pay the full value at the end of the 78 months must be understood as conditional upon

the assumption that the receipts and profits would mature the stock by that time. In fact, the book value of the plaintiff's 10 shares at the time of the trial was only $629.47, and the learned trial justice dismissed the complaint upon the theory that the 78 installments constituted an estimation only, which had proved too few. The same point was decided in O'Malley v. Association, 92 Hun, 572, 36 N. Y. Supp. 1016. It was there held that such an association as the defendant has no power to issue a certificate having a fixed period of maturity, and that any time of maturity specified should be considered to be an estimated time. It is evident that the adoption of the plaintiff's theory would lead to speedy bankruptcy. The defendant, aside from possible investments, has no income or means of income other than the interest and premiums paid by borrowing members, and the fees, installments, and fines paid by other shareholders; and it is unreasonable to suppose that its earnings would permit it to pay the enormous interest which would be involved in a return of $1,000 for the sum of less than $600 which it has received from the plaintiff. As the certificate does not, upon its face, purport to mature the stock, irrespective of the earnings, at the end of the estimated period, by providing that the payment of the installments should then cease, and as such a provision would be clearly in violation of the defendant's trust duties and the rights and interests of the other shareholders, the more reasonable construction is approved which was adopted by the court below and sanctioned by the authority cited. The judgment, however, cannot be modified, as suggested by the appellant, so as to entitle him to the withdrawal value of his stock, as was done in O'Malley v. Association, supra. The defendant is entitled to require notice of withdrawal, and the filing of the certificate at its home office, as preliminaries to such payment; and there is not only no claim or proof of the service of a notice of withdrawal, but, on the contrary, it is stipulated in the agreed statement of facts submitted on the trial that the plaintiff's certificate was "never filed with the defendant association for withdrawal," and was "never presented at the home office in Syracuse for payment or withdrawal."

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.