# Healy v. Eastern Building and Loan Association, Appellant.

*Contract—Illegal contract—Agreement to oust the jurisdiction of the courts.*

A stipulation in a written contract made in advance of any dispute that any action on a contract, or for breach of a contract that may be brought by one of the parties shall be brought in a court of a county named, is contrary to public policy as an attempt to oust the jurisdiction of all other courts of the land, and cannot be enforced.

*Contracts—Foreign contracts—Conflict of laws—Building and loan association.*

Where a citizen of Pennsylvania applies to a building and loan association incorporated under the laws of New York, and is admitted to membership in that state, and his certificate is issued and delivered in that state, and the certificate expressly states that all payments under the same are payable at the home office of the association in New York, the contract as it was made in New York and is performable there, is a New York contract. Such a contract is to be construed in accordance with the decisions of the courts of New York. The fact that one of the parties is a resident of Pennsylvania makes no difference in the construction of the contract according to the New York law.

*Building and loan associations—Rights of withdrawing members.*

Under the New York law a condition in a certificate of a building and loan association that the association shall refund " when the necessary funds are collected " is a material and substantive part of the obligation assumed by the association, and it constitutes a good answer to a suit of a withdrawing member that neither at the time that he withdrew, nor subsequently before the action was brought, were there in the treasury of the association any funds collected out of which the claim could be paid.

If by the law of New York a by-law of a building and loan association is a " material and substantive part of the obligation assumed by the association " which operates " as a qualification of the liability of the association to withdrawing members " it must be so regarded in any forum where action is brought on the contract.

In an action by a withdrawing member against a New York building and loan association, an affidavit of defense is sufficient which avers that under the laws of the state of New York, the plaintiff had no cause of action at the time the suit was brought, because by the provisions of the defendant's articles of incorporation and by-laws, and its rules and regulations—all of which form part of the contract between the parties, the defendant was not required to pay to withdrawing stockholders more than one half of the amount received by it, from dues and stock payments in any month; that the claim of the withdrawing members are to be paid in the

order of presentation; that at the time the plaintiff's claim was presented and up to the time of the institution of this suit the amount of claims of withdrawing stockholders filed prior thereto by other members of the defendant association greatly exceeded the amount of money in the hands of the defendant applicable to the payment of the same, and since then and still does greatly exceed such amount, so " that at the time of the commencement of this action there were no funds in the hands of the defendant association applicable under its articles of incorporation and by-laws, to the payment of the plaintiff's alleged claim and that there has not been since, and are not now any funds so applicable thereto."

Argued Feb. 13, 1901. Appeal, No. 9, Feb. T., 1901, by defendant, from order of C. P. Clinton Co., May T., 1900, No. 152, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John G. Healy v. The Eastern Building and Loan Association of Syracuse, New York. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit by a withdrawing member against a building and loan association.

From the record it appeared that the defendant is a corporation organized under the laws of the state of New York for the purpose and with the power of conducting a general building association business in New York and other states. On January 1, 1891, the plaintiff applied in writing to the defendant at its home office in the city of Syracuse, state of New York, for membership, and subscribed for ten shares of its instalment stock, and in consideration of the acceptance of his application agreed to abide by all the by-laws and all the rules and regulations of the defendant. His application was accepted by the board of directors and thereupon the defendant issued and delivered to him at its home office in Syracuse, New York, its cercertificate of shares, bearing date January 1, 1891, in which it was expressed, that in consideration of the membership fee, together with agreements and statements contained in the application for membership and full compliance with the terms, conditions and by-laws printed on the front and back of the certificate, which were referred to and made a part of the contract, the association agreed "to pay to him the sum of one hundred dollars for each of said shares at the end of seventy-eight months from the date hereof, or in case of his death prior to the expiration of seventy-

eight months, the association will pay the sum of all monthly instalments paid on this certificate with interest at 6 per cent per annum, payable in the manner and upon the conditions set forth in said terms, conditions and by-laws hereto attached."

Amongst the terms and conditions attached to the certificate were the following :

"Fourth. Any member may withdraw their monthly instalments at any time by first giving thirty days' notice, and will receive 6 per cent annual interest on all shares of six months' standing and up to two years; the third year 7 per cent; any time after third year and before maturity, 8 per cent."

"Ninth. The by-laws of this association, which are attached to and indorsed hereon, are a part of this contract, and such by-laws and this certificate are to be construed together as part of the contract between the association and the shareholders." (There is a similar provision in the by-laws.)

"Fourteenth. Any action brought against this association shall be commenced within six months after filing proofs and in the county of Onondaga and state of New York."

Article 11 of the by-laws reads as follows :

"Section 1. The receipts of said association shall be divided into two classes, which shall be called respectively the loan fund and the expense fund. The expense fund shall consist of all admission, transfer, insurance, abstract and attorneys' fees, amounts paid for insurance or taxes on property on which loans have been made, fees, costs and disbursements of foreclosure, together with ten cents per month from the monthly payments on stock, and this fund so constituted shall be devoted to the payment of operating expenses and said insurance and taxes."

"Section 2. The loan fund shall consist of all receipts which do not go to the expense fund, as hereinbefore provided, together with all interest, fines, earnings and accumulations from whatever source. No money can be drawn from the loan fund for any other purpose than the making of loans on security as provided by the by-laws, and to pay amounts due withdrawing stockholders."

Article 14 of the by-laws contains the following sections :

"Section 14. All shareholders shall pay or cause to be paid a monthly instalment of seventy-five cents on each share named in their certificate until the same shall be fully paid," etc.

" Sec. 18. If shares are withdrawn at any time before maturity, the holders thereof will be entitled to receive the amount paid into the loan fund in monthly payments ; after six payments have been made on stock, the holder thereof can withdraw his monthly instalments that have been paid to the loan fund, with interest at the rate of six per cent per annum, seven per cent after two years, and eight per cent after three years.

" Sec. 19. Any shareholder wishing to withdraw his stock may do so at any time, but the association shall not be required to pay out more than one half of the net receipts of the monthly instalments paid in that month to withdrawing stockholders."

The last quoted sections of the by-laws are in harmony with these provisions of the articles of incorporation which are quoted in the affidavit of defense :

" Instalment shares which are not pledged may be withdrawn before maturity provided the same are in good standing, and all dues, claims and fines thereon have been paid.  Upon withdrawal the holder will be entitled to receive an amount not exceeding the monthly instalments paid, with such amount of earnings apportioned thereto as may be provided by the by-laws of certificate of shares.

" All certificates for withdrawal must be filed with the secretary of the association at the home office, properly receipted, and thirty days' notice of intention to withdraw may be required to be given therewith.  Upon the filing of notice of withdrawal the payment of dues upon the shares shall cease, and the withdrawal value thereof shall be calculated as of the date of the filing of such notice, but no interest on the withdrawal value of the shares shall be paid.  Payments shall be made in the order of the application for withdrawal, but the association shall not be required to pay out on withdrawing and matured stock more than one half of the amount received from dues and stock payments in any month."

In July, 1897, after having paid seventy-eight monthly instalments, the plaintiff notified the defendant of his decision to withdraw, accompanying this notice with a delivery of his certificate, and demanded payment of $625.80, the amount to

which he alleged he was entitled as a withdrawing member.
Upon the defendant's failure to pay he brought this action.

The defendant filed an affidavit of defense in which it was
averred that neither at the time the plaintiff withdrew, nor
subsequently before the action was brought, were there in the
treasury of the association any funds collected out of which the
claim could be paid.

The court in a brief opinion by MAYER, P. J., in which he
cited United States Building & Loan Association v. Silverman,
85 Pa. 394, made absolute a rule for judgment for want of a
sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Leonard C. Crouch* and *W. C. Gilmore*, for appellant.—The
contract was made and is performable in the state of New York.
It is, therefore, a New York contract, and the rights of the
parties thereunder must be measured and determined accord-
ing to the laws of that state: Bennett v. Eastern Bldg. & Loan
Assn., 177 Pa. 233; Brown.v. Camden & Atlantic R. R. Co.,,
83 Pa. 316; Mills v. Wilson, 88 Pa. 118; Waverly National
Bank v. Hall, 150 Pa. 466; Nickels v. People's Bldg. Loan &
Saving Assn., 93 Va. 380; Equitable Bldg. & Loan Assn..v.
Vance, 27 S. E. Repr. 274; Cæsar v. Capell, 83 Fed. Repr.
403; Scudder v. Union Nat. Bank, 91 U. S. 406; Liverpool &
G. W. Steam Co. v. Phœnix Insurance Co., 129 U. S. 397; An-
drews v. Pond, 13 Pet. 77; Canada Southern Ry. Co. v. Geb-.
hard, 109 U. S. 537; Bldg. & Loan Assn. of Dakota v. Logan,,
66 Fed. Repr. 827; Madden v. Penn Electric Light Co., 181
Pa. 617; Bank of Virginia v. Adams, 1 Pars. Select Eq. Cases,
534; Morris v. Stevens, 6 Phila. 488.

The courts of the state of New York have decided that a
member of a loan association seeking to withdraw must allege:.
and prove affirmatively that the corporation from which he
seeks to withdraw has funds on hand applicable, under its arti-
cles of incorporation and by-laws, to the payment of the with-
drawal sought to be made; that lack of such funds, when
pleaded, is a good defense. These decisions are binding on
the plaintiff in this action, and this court will be governed by.
them.: Engelhardt v. Fifth Ward Permanent Dime Saving and.

Loan Assn., 148 N. Y. 281; House v. Eastern Building and Loan Assn., 52 App. Div. (N. Y.) 163; Wolfe v. Conkey Avenue Savings, etc., Assn., 75 Hun, 201.

The same question has arisen in other jurisdictions and has been decided in the same way: Brett v. Monarch Investment Building Society, L. R. 1 Q. B. Div. (1894) 367; Barnard v. Tomson, L. R. 1 Ch. Div. (1894) 374; Heinbokel v. National Savings, Loan & Building Assn., 58 Minn. 340; Texas Homestead Building & Loan Assn. v. Kerr, 13 S. W. Rep. 1020; Eastern Building & Loan Assn. v. Snyder, 98 Va. 710; Stilwell v. People's Bldg., Loan & Savings Assn., 57 Pac. Repr. 14; Bearden v. People's Bldg., Loan & Savings Assn., 49 S. W. Repr. 64.

Appellant maintains that the Silverman case is not applicable to the case at bar. The Pennsylvanian, as the Supreme Court in the Bennett case says, had the right to go into the state of New York and invest his money as he saw fit, and in dealing with the appellant association he was bound to take notice of the provisions which had been made in its charter for the management and control of its affairs : Relfe v. Rundle, 103 U. S. 225; Bockover v. Life Assn. of America, 77 Va. 80; Bank of Virginia v. Adams, 1 Pars. Select Eq. Cases, 534; Canada Southern Ry. Co. v. Gebhard, 109 U. S. 537; Wetterwulgh v. Knickerbocker Bldg. Assn., 2 Bosw. 381; Looker v. Wrigley, L. R. 9. Q. B. D. 397; Christian's App., 102 Pa. 184.

The application of the law of New York state to the facts of this case is demanded by the federal constitution : Const. U. S., art. 4, section 1, 14th amendment; Cooley's Constitutional Law (3d ed.), 203; Huntington v. Attrill, 146 U. S. 657; Great Western Tel. Co. v. Purdy, 162 U. S. 329.

Under the agreement between the parties requiring any action at law on the contract to be brought in Onondaga county, New York, the court below was without jurisdiction: Greve v. Ætna Live Stock Insurance Co., 81 Hun., 28; Daley v. People's Building, Loan & Savings Assn., 172 Mass. 533.

*Henry T. Harvey,* for appellee.— Parties cannot by contract oust the ordinary courts of their jurisdiction: Home Ins. Co. of N. Y. v. Morse, 20 Wallace, 445; Nute v. Hamilton Mutual Ins. Co., 6 Gray, 174; Cobb v. New England Mutual

Marine Ins. Co., 6 Gray, 192; Gray v. Wilson, 4 Watts, 41; Snodgrass v. Gavit, 28 Pa. 224; Lauman v. Young, 31 Pa. 310; Mentz v. Armenia Fire Ins. Co., 79 Pa. 478; Reas's App., 13 W. N. C. 546.

Whenever a state sufficiently indicates that contracts which derive their validity from its comity are repugnant to its policy or are considered as injurious to its interest, the presumption in favor of its adoption can no longer be made: Bank of Augusta v. Earle, 13 Peters, 592; Morawetz on Private Corporations, sec. 965; People v. Howard, 50 Mich. 239; United States Mortgage Co. v. Gross, 93 Ill. 483.

Every power which a corporation exercises in another state depends for its validity upon the laws of the sovereignty within which it is exercised: Runyan v. Coster's Lessee, 14 Pet. 122; Bank of Augusta v. Earle, 13 Pet. 588; Thompson v. Waters, 25 Mich. 221; Paul v. Virginia, 8 Wall. 180; Watson v. Brewster, 1 Pa. 385; Thornton v. Western Reserve Farmers' Ins. Co., 31 Pa. 529; Lewis v. Linton, 24 Pa. C. C. Rep. 188.

As to the plaintiff's right to recover a judgment in his suit against the defendant, we cite the following Pennsylvania authorities: United States Bldg. & Loan Assn. v. Silverman, 85 Pa. 394; Christian's App., 102 Pa. 184; Second Nat. Loan & Homestead Assn. v. Hubley, 34 Legal Int. 6; Lepore v. Twin Cities Nat. Bldg. & Loan Assn., 4 Pa. Superior Ct. 279.

OPINION BY RICE, P. J., July 25, 1901:

It is to be noticed that the plaintiff does not allege that his stock had "matured," either by reason of his payment of monthly instalments amounting to $100 per share, or by reason of its being worth $100 per share. He does not claim, and without such allegation could not do so successfully, that the defendant was bound to pay him $100 per share forthwith after he had paid seventy-eight monthly instalments. The clause of the certificate, which standing by itself, seems to hold out that promise, when read in connection with the succeeding clauses of the certificate, the articles of incorporation, the by-laws and the "terms and conditions" attached to the certificate, all of which go to make up the contract, creates no such absolute obligation: O'Malley v. People's Building, etc., Assn., 92 Hun, 572; Daley v. People's Bldg. Loan & Savings Assn., 172 Mass.

533. Nor does the plaintiff so claim. What he claims is the withdrawal value of the stock as ascertained by a computation in accordance with the terms of the fourth condition attached to his certificate. We shall consider the case in that view.

The first point, in logical order, urged by the defendant is, that by the fourteenth clause of the " terms and conditions " attached to his certificate, the plaintiff agreed that any action to be brought by him against the defendant should be brought in Onondaga county, New York, and therefore, the court below was without jurisdiction. As was said by Chief Justice SHAW in the leading case upon the subject of the validity of such an agreement, the clause under consideration contains no negative words, and strictly speaking, no stipulation that the action should not be brought elsewhere, unless it is implied by the words " and in Onondaga county, New York." These words were not necessary to give the plaintiff a remedy, because without them it must be conceded that he would have had a remedy at law, as in all cases of breach of contract, for which no stipulation is necessary : Nute v. Hamilton Mutual Ins. Co., 6 Gray (Mass.), 174. Granting, however, that the clause is to be construed as a stipulation not to bring suit elsewhere, it is established by the weight of authority that it was not effective to oust the general jurisdiction of the courts. We quote from the opinion of Mr. Justice CLARK in Rea's Appeal, 13 W. N. C. 546 : " The general jurisdiction of the several courts of the commonwealth is established by law, not only for the security of private rights, but, by securing these, for the promotion of the good order and peace of society. It is against public policy, therefore, that parties should, by the terms of a private agreement, in advance oust their jurisdiction. If such an agreement may be made by one person, it may be made by many, if it may be made as to all courts but one, it may be made as to all, by adding to a personal covenant that the parties are not to be responsible before any tribunal for a breach of it." Accordingly it was held that an assignor, by nominating in his assignment a particular court for the adjustment of differences concerning assigned property which may arise, cannot oust the jurisdiction of other courts which would otherwise take cognizance of the matter. See also Home Ins. Co. v. Morse, 20 Wall, 445, L. ed. Bk. 22, p. 365, where the subject is very fully discussed ; Barron v. Burn-

side, 121 U. S. 186, L. ed. Bk. 30, p. 915; Prince Steamship Co.
v. Lehmann, 5 L. R. A. 464; Nute v. Hamilton Mutual Ins.
Co., 6 Gray, 174; Hall v. People's Mutual Fire Ins. Co., 6
Gray, 185; Amesbury v. Bowditch, Mutual Fire Ins. Co., 6
Gray, 596; Reichard v. Manhattan Life Ins. Co., 31 Mo. 518;
Matt v. Mut. Aid Asso., 81 Iowa, 135; Bartlett v. Union
Mutual Fire Ins. Co., 46 Me. 500; Scott v. Avery, 5 H. of L.
C. 811; 2 May on Ins. (4th ed.) sec. 490; Niblack on Ben.
Soc. secs. 317, 321. The question of the validity of arbitra-
tion clauses in contracts, of clauses limiting the time of bring-
ing suit, of clauses waiving the right of appeal, of agreements
submitting pending disputes to a tribunal created by the par-
ties whose decision shall be final, is not before us. The nar-
row question is whether a stipulation made in advance of any
dispute, that any action on the contract or for breach of the
contract that may be brought by one of the parties shall be
brought in a court of a county named by them—thus attempt-
ing to oust the jurisdiction of all other courts of the land—
will be enforced? We are of opinion, and so hold, that such a
stipulation is contrary to public policy and cannot be enforced.

The defense relied on and substantially averred in the affida-
vit of defense is that under the laws of the state of New York
the plaintiff had no cause of action at the time the suit was
brought, because, by the provisions of the defendant's articles
of incorporation and by-laws, and its rules and regulations—all
of which enter into and form part of the contract between him
and the defendant—the latter is not required to pay to with-
drawing stockholders more than one half of the amount received
by it from dues and stock payments in any month; that the
claims of the withdrawing members are to be paid in the order
of presentation; that at the time the plaintiff's claim was pre-
sented and up to the time of the institution of this suit the
amount of claims of withdrawing stockholders filed prior thereto
by other members of the defendant association greatly exceeded
the amount of money in the hands of the defendant applicable
to the payment of the same, and since then, and still does
greatly exceed such amount; so "that at the time of the com-
mencement of this action there were no funds in the hands of
the defendant association applicable, under its articles of in-
corporation and by-laws, to the payment of the plaintiff's alleged

claim, and that there have not been since, and are not now, any funds so applicable thereto." For present purposes these averments of fact in the affidavit of defense are to be taken as true and capable of proof, and their full legal effect is to be given to them. The court below held them to be insufficient to prevent judgment but intimated (following U. S. B. & L. Assn. v. Silverman, 85 Pa. 394) that should it seem equitable it might restrain execution in order that there may be no undue derangement of the defendant's affairs, and that payment of the judgment may be made in accordance with the terms of its charter and by-laws. Nevertheless, the court entered a general judgment against the defendant, upon which, unless the court in the exercise of its supposed equity powers interferes, an execution may issue forthwith and be levied upon any property of the defendant found within the jurisdiction. The defendant's position is, that by the terms of the plaintiff's contract with the association and his fellow members, the claims of withdrawing members are payable in the order of their presentation out of specific funds only, and that lack of such funds, when sufficiently pleaded, is a good defense to an action at law. This it is claimed, is the law of New York and must govern in the present case.

As already suggested the defendant is a New York corporation; the plaintiff applied for, and was admitted to membership there and his certificate was issued and delivered in that state. Moreover, the certificate contains the express stipulation that all payments under the same are payable at the home office of the association at Syracuse, New York. It is hardly necessary to say, that, as the contract was made in New York and is performable there, it is a New York contract: Bennett v. Eastern Building & Loan Assn., 177 Pa. 233 ; Beso v. Eastern Bldg. & Loan Assn., 16 Pa. Superior Ct. 222. Hence, the law of that state must govern in determining its validity, nature, obligation and interpretation: Brooke v. N. Y., Lake Erie & Western R. R. Co., 108 Pa. 529; Tenant v. Tenant, 110 Pa. 478 ; Forepaugh v. Delaware, etc., R. R. Co., 128 Pa. 217 ; Sea Grove Assn. v. Stockton, 148 Pa. 146; Baum v. Birchall, 150 Pa. 164 ; Perlman v. Sartorius, 162 Pa. 320 ; Champlin v. Smith, 164 Pa. 481 ; Burnett v. Penna. R. R. Co., 176 Pa. 45 ; Musser v. Stauffer, 192 Pa. 398 ; Bedford v. Eastern Bldg. & Loan Assn., 181 U. S. 227 ;

Whiting Mfg. Co. v. Bank, 15 Pa. Superior Ct. 419. The law of a state, though it rests only on the decisions of the courts, is none the less absolutely and indisputably the law than if it had been made so by statute. " The decisions of a state court, upon its common law and on its statutes, must stand unquestioned, because it is the only authority competent to decide, or they must be alike questionable by any tribunal which may choose to differ with its reasons or with its conclusions:" MITCHELL, J., in Forepaugh v. R. R. Co., supra. " Generally as to its formalities and its interpretation, obligation and effect, a contract is governed by the laws of the place where it is made, and if it is valid there it is valid everywhere; but when it is made in one state or country to be performed in another state or country, its validity and effect are to be determined by the laws of the place of performance. It is to be presumed that parties enter into a contract with reference to the laws of the place of performance, and unless it appears that the intention was otherwise, these laws determine the mode of fulfillment and obligation and the measure of liability for its breach:" FELL, J., in Burnett v. R. R. Co. supra. The fact that the plaintiff is a resident of Pennsylvania can make no difference in the construction of a contract made and to be performed in another state. The defendant is a corporation created by another state and subject to the laws of that state. Its organization, corporate functions, who shall become members, what are their rights as members, are all questions for New York courts, because questions of local law. By the very act of membership the plaintiff intrusted his money to the control of an organization owing its existence to and governed by the laws of another state, and has no right to call upon the courts of his own state to protect him from the consequences of voluntary membership therein: Madden v. Penn Electric Light Co., 181 Pa. 617; Bank v. Adams, 1 Pars. Sel. Eq. Cas. 534; Morris v. Stevens, 6 Phila. 488; Bennett v. Building & Loan Assn., supra. It is clear, therefore, that if the facts alleged in the affidavit of defense would constitute a good defense by the law of the state under which the defendant corporation was organized, and where the contract sued upon was made and is to be performed, such defense is equally good in every other place where the question may be litigated. That the law of New York is as alleged in the affida-

vit of defense seems to be well established by the decisions of its appellate courts. In the case of Engelhart v. Fifth Ward Permanent Dime Savings & Loan Assn., the superior court of Buffalo held, reversing the lower court, that a member of a loan association on complying with the conditions for withdrawal becomes a creditor of the association and his right to have his debt then due established by judgment is not affected by a provision in the articles that the dues paid by withdrawing members " will be refunded to them when the necessary funds are collected." 5 Misc. Rep. 518. This judgment was reversed by the court of appeals and the conclusions of the latter court, so far as it is necessary to quote them here, were thus stated by Chief Judge ANDREWS : " It seems to be very plain that the clause in the articles of association, that the dues paid by withdrawing members ' will be refunded to them when the necessary funds are collected,' operated as a qualification of the liability of the association to withdrawing members." Further on in the opinion speaking of the rights of a withdrawing member, he said : " He does not stand in the position of a general outside creditor. He paid his dues, and although by withdrawing he has ceased to be a member of the association, his right to receive them back is measured by the contract between him and the association." We remark in passing that the last quoted ruling is in harmony with the decision of our own Supreme Court in Christian's Appeal, 102 Pa. 184, where the late Chief Justice STERRETT said : " While, in a qualified sense, withdrawing stockholders may be considered creditors of the association, their rights, as against those with whom they have been associated, are very different from those of general creditors whose claims are based wholly on outside transactions." But to return to the Engelhart case, Chief Judge ANDREWS concluded his discussion of the precise question now under consideration with the following clear and unambiguous statement of the law of New York applicable to the case of a " going " corporation where bad faith is not alleged. " There can be no doubt, we think, that the condition that the association shall refund ' when the necessary funds are collected ' was a material and substantive part of the obligation assumed by the association, and that it constitutes a good answer to the suit of a withdrawing member that neither at the time that he withdrew, nor subsequently

before the action was brought, were there in the treasury of the association any funds collected, out of which the claim could be paid : " Engelhart v. Fifth Ward Permanent Dime Saving & Loan Assn., 148 N. Y. 281 (1896). This ruling has been followed in New York in at least one case in which the present defendant's charter and by-laws were under consideration (House v. Eastern Bldg. & Loan Assn., 52 App. Div. (N. Y.) ·163), and is in harmony with the other New York cases cited by the appellant's counsel. See also Eastern Building & Loan Assn. v. Snyder, 98 Va. 710, and cases cited in the notes to the Engelhart case in 35 L. R. A. 289, at p. 301. If by the law of New York the ·by-law under consideration is a " material and substantive part of the obligation assumed by the associa-·tion " which operates " as a qualification of the liability of the association to withdrawing members " it must be so regarded in any forum where action is brought on the contract. It is not unjust to hold that the plaintiff by bringing suit here, could not acquire rights that he would not have had if he had brought his suit in the state where his contract was made and was to be performed : Forepaugh v. R. R. Co., supra.

It follows that the plaintiff was not entitled to judgment for want of sufficient affidavit of defense.

The judgment is reversed and a procedendo awarded.