## Leggett & Co. v. Carmichael.

*Contract—Jurisdiction of courts—Foreign court—Illegal contract—Conflict of laws—Public policy.*

A clause in a contract restricting jurisdiction in any matter of dispute under the contract to the courts of another state is void as against public policy and does not oust the jurisdiction of the local courts.

Demurrer to counter-claim. C. P. Lackawanna Co., Oct. T., 1924, No. 759.

*S. B., C. B. & J. H. Price,* for plaintiff.

*A. A. Vosburg* and *W. B. Landis,* for defendant.

NEWCOMB, J., Dec. 11, 1924.—*Assumpsit* on a book account for the price of merchandise sold and delivered by plaintiff to defendant in March, this year. Defence is taken only *pro tanto* for the amount of a counter-claim for money owing defendant on account of his service as plaintiff's agent.

The agency was created by formal article in writing, dated in April, 1914. It is alleged to have been continued for the period of ten years. Copy of the writing is attached to the affidavit of defence. It contains a clause restricting the jurisdiction of any matter in dispute which might arise thereunder to the court of New York County. Hence the demurrer.

Plaintiff takes the ground that this stipulation is effective to oust the local jurisdiction, and, therefore, for present purposes, the counter-claim is not well pleaded.

The theory is believed to be untenable. The great weight of authority is to the effect that such covenant is void as against public policy: Insurance Co. v. Morse, 20 Wallace, 445; Mentz v. Insurance Co., 79 Pa. 478; Rea's Appeal, 13 W. N. C. 546; Healey v. B. & L. Ass'n, 17 Pa. Superior Ct. 385.

The demurrer is, therefore, overruled, with leave to plaintiff to make defence on the merits of defendant's counter-claim within twenty days.

From William A. Wilcox, Scranton, Pa.