## Beneficial Standard Life Insurance Company v. Pennsylvania Plan, Inc.

*Ralph B. Umsted*, for plaintiff.

*Morton Abrams*, for defendant.

CHUDOFF, J., March 15, 1962.—This is an action in assumpsit in which Beneficial Standard Life Insurance Company, a California corporation doing business in Pennsylvania, seeks to recover the sum of $6,661.18,

with interest, from defendant, a Pennsylvania corporation conducting a life insurance agency.

The averments of the complaint are, inter alia, as follows:

On October 15, 1959, plaintiff and defendant entered into a general written agency contract whereby, for a commission, defendant undertook to sell life insurance for plaintiff; that the agency agreement was terminated in accordance with its terms by notice dated February 22, 1961, and effective February 22, 1961; that during the course of the operation of the agreement, defendant earned certain commissions and plaintiff advanced certain sums to defendant over the commissions earned, totalling the sum claimed in the complaint.

The preliminary objections filed by defendant, which are now before us for disposition, raise questions of jurisdiction and venue of this court over the subject matter by virtue of paragraph 21 of the agreement between the parties, which reads:

"(21) VENUE

". . . Any actions or proceedings brought under this Agreement, or between the parties hereto with respect to any matter arising under or growing out of this Agreement shall be brought and tried in Courts located in the County of Los Angeles, State of California, and both parties hereto expressly waive their rights under Part II, Title IV, of the Code of Civil Procedure of the State of California to cause any such actions or proceedings to be brought or tried in the Courts of any other County."

Plaintiff contends that the above provision, limiting the jurisdiction to the courts of California alone, is contrary to public policy. Our examination of the law confirms plaintiff's position.

It is firmly settled that private parties cannot, by private agreement, oust the jurisdiction of the courts: Appeal of Rea, 13 W. N. C. 546; Healy v. Eastern Bldg.

& Loan Assn., 17 Pa. Superior Ct. 385 (1901). The general jurisdiction of the courts of this Commonwealth is established by law, not only for the security of private rights, but, by securing these, for the promotion of the good order and peace of society. It is against public policy, therefore, that parties should, by the terms of a private agreement in advance, oust their jurisdiction.

Moreover, the law has long established that an action in assumpsit is transitory and may be brought wherever defendant may be found. If the contention of defendant be adopted, plaintiff is left with a right but without a remedy, in view of the fact that it would create the impossible task of making service on defendant in Pennsylvania, there being no statutory provisions with regard to this method of service in the California statutes.

*Order*

And now, March 15, 1962, defendant's preliminary objections are dismissed with leave to file an answer on the merits within 20 days.